## TAX COMMISSION, et v KELLY-SPRINGFIELD TIRE CO

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided Jan. 31, 1931

Ray T. Miller and Neil W. McGill, both of Cleveland, for Commission.

Squire, Sanders & Dempsey, Cleveland, for Tire Co.

**LEVINE, J.**

The legal question before us is whether or not the excess credits of the Kelly-Springfield Tire Company, a foreign corporation, arising out of business transacted in the state of Ohio through its local agency are, under the particular facts in this case, taxable in the state of Ohio.

A careful perusal of 5323 GC, above cited, discloses that, in order that property be taxed, it must appear either (1) that the property taxed shall be property in this state, or (2) that it shall be property of persons residing in the state. This is in conformity with the general rule that the property to be taxed, or the person to be taxed, must be within the jurisdiction of the taxing state. It will be noticed from a perusal of the above section of the General Code, that credits are taxable only when they are the property of persons residing in this state.

"As between different states, the situs of the property of corporations for purposes of taxation is determined by the rules which determine the situs of the property of individuals. As between the different states a corporation is considered a resident of the state in which it was incorporated, and is prima facie taxable upon its personal property in such state. A corporation may be taxed in its home state upon its tangible personal property, notwithstanding the physical absence of such property in another state, if the property itself has acquired no situs outside the state and is not subject to taxation in the place where it is situated; but it cannot be taxed on its personal property permanently located in another state. A state may tax the tangible personal property of a foreign corporation kept within its limits, which is part of the general permanent body of property within its jurisdiction and is not merely in transit through the state or temporarily staying therein. Intangible property of a corporation is taxable only in the state in which the corporation was organized, unless it has acquired a business situs elsewhere." 26 Ruling Case Law, Section 151.

It is the general rule, in the absence of controlling circumstances to the contrary,

that the situs of intangible property for the purpose of taxation is the state of the owner's domicile.

"There are decisions establishing the principle that there may be a 'business situs' of debts as distinct from the domicile of the creditor. Thus, where an agent within the state, representing a non-resident principal, is clothed with power and authority to and does create credits or loan money for his principal within the state, the agent holding an actual and effective control over the business, retaining in his own possession within the state the evidences of such debts, or producing their return to him when due for collection and return or reinvestment, the course of business being general and amounting more or less to a permanent business, then the state may by legislation separate the situs of such property for taxation from the domicile of the owner, and give it a situs within the state for purposes of taxation." 26 Ruling Case Law, Section 250.

In **Hubbard v Brush, 61 Oh St, 252,** the court recognized the above principle of law.

There can be no doubt but that the general principle is recognized in Ohio, that in determining the situs for the taxing of credits the residence of the creditor only may be considered, and that the fact that the persons from whom the debts are due reside in Ohio, cannot be considered. Thus, in **Meyer v Seaberger, 45 Oh St, 233,** in discussing the question, the court says:

"Our system of ad valorem taxation has uniformly proceeded upon the theory that tangible property is to be taxed according to the law of the place where it is situated, irrespective of the residence of its owner; while, with equal uniformity it has proceeded upon the theory that 'credits,' 'investments in bonds,' 'stocks,' etc., are taxable according to the laws of the place where their owners or holders reside.

"* * * So that it seems clear that the credits of persons not residing in this state are not the subjects of taxation by its authorities, though the debtor may reside here. Such has been the uniform policy of this state. To use the language of Welch, J., in the case above cited: 'Intangible property has no actual situs. If, for purposes of taxation, we assign it a legal situs, surely that situs should be the place where it is owned, and not the place where it is owed. It is incapable of a separate situs, and must follow the situs either of the creditor or debtor. To make it follow the residence of the latter is to tax the debtor and not the creditor.' Such has been the uniform view of the question in this state."

From the oral argument and brief of counsel for plaintiff in error, we gather that he recognizes the general principle, but contends that, under the particular facts of the case, the Kelly-Springfield Tire Company acquired a business situs in Ohio. Counsel for both sides quote from an opinion of the Attorney General (see 1912 O. A. G., 547) wherein it was stated that:

"Credits of a non-resident corporation may be used in Ohio only when they are 'localized' by being committed to the charge and management of an agent or other representative who is more than a mere custodian or collector, and who has power to deal in a managerial capacity with the fund represented by the credit."

This statement of the Attorney General is in harmony with a number of decisions in various states which recognize the exception to the general rule and hold that a foreign corporation may acquire for purposes of taxation of its credits a "business situs." This was applied only where the owner residing in a foreign state has divorced the credits owned by him from his use, control and management, and vested it in another residing in a different state where it is used by such other person in the conduct of his business.

It remains for us merely to consider whether the particular facts in this case establish a business situs for the purpose of taxing the credits of a foreign corporation.

The facts relied upon by plaintiff in error to establish a business situs are that the Kelly-Springfield Tire Company maintains a warehouse in the city of Cleveland; employs a manager, a lady cashier and a credit manager in Cleveland, and eighteen other employees; that a large stock of merchandise is carried in Cuyahoga county; that eight salesmen are employed under the supervision of the Cuyahoga county manager; that the orders procured by the salesmen are filled largely from the stock of goods in Cuyahoga county; that the local manager can extend credit up to $500 to any one individual or company, and that under this right to extend credit there are some seven or eight hundred accounts.

It is also pointed out by the county prosecutor that while the money collected is forwarded to New York that a working fund is kept in Cleveland in the sum of $2,500, which fund is replenished from New York each week, and that the employees are paid weekly from the working fund in Cleveland.

It appears to us that it is perfectly clear, from the record, that the moment a debt is created by the act of the local manager

in extending credit, that the control and disposition of the debt is exercised exclusively by the home office of the corporation and not by the branch agency in Cuyahoga county. The local agency has no interest in the accounts receivable, nor is it permitted by the home office to utilize any of the proceeds in the conduct of the local branch. It is quite apparent from the record that these credits due from debtors residing in Ohio and contracted with the parent company through its local branch are not employed by the company in its business in Ohio, nor are those credits in any wise subject to the management or control of the local agency.

Quoting from Johnson City v Hewitt, **76 Kansas, 816,** wherein the court said:

"Generally, the element of separation from the domicile of the owner, and fairly permanent attachment to some foreign locality, should appear, together with some business use of them, or some power of managing, controlling, or dealing with them in a business way. A merely transitory presence in a foreign state or a naked custody for safekeeping is not enough."

It is clear from the record in this case that there was no vesting of control and management of these credits in the local agency of the Kelly-Springfield Tire Company, and we hold that under the decisions such is necessary to the creation of a business situs for the purpose of taxing credits in the state where the debts arose.

The case of Westinghouse Electric & Manufacturing Co. v County of Los Angeles, **185 Cal., 491,** presents an almost identical question as the one involved in the case at bar. In the decision the court goes into the matter at great length, and after citing the general rule that choses in action and intangible property attaches to the domicile of the owner, the court discusses the contention of the taxing officials that the credits have acquired a "business situs" in California and made them subject to taxation. The court defines the phrase "business situs" as follows:

"If we may venture to formulate a general statement of this modification of the rule it would be that this can only result where the possession and control of the property right has been localized in some independent business or investment away from the owner's domicile, so that its substantial use and value primarily attach to and become an asset of the outside business. In other words, while the non-resident may own the business, the business controls and utilizes in its own operation and maintenance the credits and income thereof."

Considering the particular facts of the present case, we conclude that the agency maintained in Cuyahoga county by the Kelly-Springfield Tire Co. is not an independent business nor an independent branch of the principal business of said company, and while it is true that the local sales agency is doing business on a fairly large scale, it is doing so through the immediate control and management of the Company's home office. The Kelly-Springfield Tire Co. in conducting this branch of its business through its local agency upon its general corporate capital for the general business of its central factory, and the credits sought to be taxed were at all times part of its general corporate assets.

We are of opinion that the particular facts of this case do not establish a business situs within the prescribed rules so as to take this case out of the operation of the general rule.

We may add that the Legislature had a clear purpose in confining taxable credits to credits of persons residing in this state. In determining excess credits the law requires that debts and obligations may be deducted from the gross amount of credits due to the person or corporation sought to be taxed.

It will be noticed further that Section 5327 defining the term "credits," permits the deduction of all claims, demands and debts whatsoever. If the credits sought to be taxed in this case were allowed to be so taxed, the benefit afforded by the statute which permits the deduction of all legal demands, claims and debts from the gross sum of credits, could not be successfully applied here. When the Kelly-Springfield Tire Co. makes a shipment of goods which are sold in Ohio on credit, it may have contracted definite debts and obligations in acquiring such property shipped by it. The taxing authorities seek in this case to allow a deduction of such debts only as are due from the Kelly-Springfield Tire Co. and which were contracted through its local agency in Ohio. When the Legislature sought to tax credits, it did not intend to lose sight of the debts and obligations which may be due from such person or corporation whose credits are sought to be taxed. Excess credits only may be taxed, as represented by the trial balance after deducting the sum total of debts and obligations from the sum total of credits due.

We are, therefore, of the opinion that the Common Pleas Court was correct in its conclusion and its judgment will be affirmed.

Without entering into a detailed statement of facts in the case of the Tax Commission of Ohio et al v The Firth-Sterling Steel Company, it is sufficient to say that a similar situation is presented, with the exception of the size of the business of the corporation which was much smaller than that of the Kelly-Springfield Company, and that the authority of the local manager was much more limited. The same question of law is involved, and our finding is to the same effect, namely, that the facts of the case presented by the record do not show the establishment of a business situs justifying the taxing of credits arising in Ohio and so as to take it out of the operation of the general rule which forbids such practice.

The judgment of the Common Pleas Court in said case is likewise affirmed.

VICKERY, PJ, and WEYGANDT, J, concur.