13808

SADLER v. PURE OIL CO., INC.

(173 S. E., 640)

Before RAMAGE, J., Anderson, April, 1932. ■

*Messrs. A. H. Dagnall* and *S. M. Wolfe,* for appellant,

*Messrs. G. Cullen Sullivan* and *John K. Hood, Jr.,* for respondent,

. March 16, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

John E. Sadler was doing business in the City of Anderson as a wholesale dealer in gasoline and oil under the name of Anderson Oil Company. He had a sales contract with the Pure Oil Company, which company furnished all the gasoline used by Sadler. For reasons not stated, Sadler procured the formation of a corporation known as Anderson Oil Company, Inc., which company took over the individual business of Sadler in gasoline and oil. The record does not show just what assets Sadler turned over to this company. Later, for unstated reasons, Anderson Oil Company, Inc., was dissolved and a new corporation was formed known as Anderson Oil Company. Sadler, as an individual, and both corporations had done business with the defendant under the original sales contract with Sadler. The sales contract was to run from June 1, 1928, through May 31, 1929. On January 8, 1929, before the expiration of the sales contract, the corporation, Anderson Oil Company, Inc., was formed. On June 1, 1929, the expiration date of the sales contract, a new contract, not denominated a sales contract, was entered into between John E. Sadler, individually, and the defendant. The sales contract between Sadler and the defendant provided that it should continue from year to year unless terminated in writing on three months' notice. It was never terminated, but was continued from year to year; the two corporations receiving service thereunder.

On March 15, 1932, a suit was filed by Anderson Oil Company, Inc., against the defendant herein which was in all respects similar to the present suit, but that suit was discontinued and the present one brought.

The basis of the suit is that the defendant did not comply with its sales contract as to the price charged the plaintiff for gasoline, thereby causing a loss to plaintiff of $5,-618.97. The terms of the sales contract will be referred to more specifically hereinafter.

It appears by the terms of the contract between Sadler and the defendant that Sadler owned or controlled all of the stock of Anderson Oil Company, Inc., and that its assets, as appeared from a list attached to the contract, would be transferred to Anderson Oil Company, a new corporation to be formed "forthwith." The contract further provided that the accounts receivable of Anderson Oil Company, Inc., had been withdrawn from the assets of said corporation and were the personal property of Sadler. The alleged overcharge in price, which is the basis of the present suit, must therefore be an account receivable in order to give the plaintiff any standing in Court individually to maintain this suit. We may be going somewhat beyond the scope of this appeal in declaring that in no sense can damages for an alleged breach of contract be considered an account receivable. In 1st C. J., 730, it is said that an account receivable is an obligation owing to a person on open account, and in *National Bank of Newport v. National Herkimer County Bank,* 225 U. S., at page 184, 32 S. Ct., 633, 56 L. Ed., 1042, it is said that accounts receivable are assets owing on open account. This claim for damages was an asset of Anderson Oil Company, Inc., which was not listed amongst those assets to be conveyed to Anderson Oil Company, and hence did not belong to the latter company. By the itemized statement appearing in the transcript the alleged overcharges were made on sales to Anderson Oil Company, Inc., and not to Sadler individually. The claim for damages remained an asset of that company, and was not included in the reservation of accounts receivable. However, as this point was made only in a request to charge and not in either motion for non-

suit or for directed verdict, we will pass on to the questions actually raised.

The alleged violation of the sales contract as to the price of gasoline is the bone of contention. The sales contract provided that the price of gasoline to Sadler should be "four and one-half cents per gallon under the Net Tank Wagon Market for Standard Motor Gasoline at Anderson, South Carolina, as posted for sale by the Standard Oil Company of New Jersey on dates shipments are made."

The testimony took a wide range and appeared to have more bearing on the loss of profits by the plaintiff than on the alleged breach of contract. In one colloquy (and there were many), between the presiding Judge and the leading attorney for the plaintiff, the attorney said: "The loss of profits is what we are suing for." This accounts for the amount of testimony taken on the subject of profits.

Upon the conclusion of all the testimony, a motion was made by the defendant for a verdict in its favor. This motion was refused, as was a motion for a nonsuit made at the close of the testimony for the plaintiff. The jury found a verdict for the defendant, and, after entry of judgment thereon, the plaintiff has appealed.

Errors on the part of the presiding Judge are alleged in fifteen exceptions, and the defendant asks that the judgment be sustained for the reason that the presiding Judge erred in not sustaining his motions for nonsuit and directed verdict. These motions were made upon the ground that there was no evidence to sustain the allegations of the complaint.

If the presiding Judge erred in overruling the motion for a nonsuit, we cannot see in what respect the defendant can now be benefited thereby. This Court can hardly be asked to sustain a judgment entered upon the verdict of the jury in favor of the defendant because the presiding Judge refused the motion of the defendant for a nonsuit. We think the request so made by the attorney for

the defendant, that the order refusing the motion for a non-suit be reversed, was due to overanxiety on his part to sustain his judgment, and not that he wished a nonsuit to supersede his verdict. The alleged error on the part of the Circuit Judge in refusing the motion for a nonsuit will therefore not be considered.

However, the motion to direct a verdict is of much more serious character. If the presiding Judge erred in refusing the motion for the direction of a verdict for the defendant, and this Court should so hold, then the effect would be the same as if the case ended before the jury rendered its verdict. In that event the further proceedings would amount to naught, and any error which the presiding Judge may have made either in the admission or exclusion of testimony or in his charge to the jury would lack the element of prejudicial error, and would be classed as harmless.

We gather from the contract that the price of gasoline charged the plaintiff was to be four and one-half cents per gallon under the net tank wagon as posted for sale by Standard Oil Company of New Jersey at Anderson. It appears that the defendant based its charges to the plaintiff upon this posted market. although the plaintiff claims that this price was fictitious, and that the price to dealers in Standard Oil Company gasoline was two cents a gallon less than the posted market. There appears to have been a rebate to Standard Oil dealers of two cents per gallon after sales to them at the posted market. There is no proof that the defendant knew of this rebate plan, or had participated in it. The plaintiff testified that the tank wagon price was twenty-two cents per gallon, and that under his contract he received a discount off that price of four and one-half cents per gallon. Such being the case, it would appear from the testimony of the plaintiff that there was no breach of contract. The following question was asked the plaintiff: "Under this contract the posted tank wagon price was

twenty-two cents and (you) got your four and one-half cents off, and sometimes five after they gave you a half cent, didn't you?" To which the plaintiff replied: "Oh, yes."

The contract did not guarantee the plaintiff a profit of four and a half cents per gallon, and if the price charged the plaintiff was in accordance with the terms of the contract, as admitted by the plaintiff, no claim could legally be made against the defendant for a breach of contract as alleged in the complaint.

The motion for a directed verdict should have been granted, but as the verdict of the jury was for the defendant, as it should have been, no harm was done, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.