Turner, J.,
 

 concurring. Appellant seeks a construction of Section 5327, General Code, which would ignore the amendment effective when these instant cases arose. Section 5327 was amended in 115 Ohio Laws, 553, effective July 18, 1933. As to the purpose of this amendment, I agree with the comment of the editor of Page’s Ohio General Code in annotating this section, to wit :
 

 ‘‘ The definition of credits by the amendment to this section has been revised so as to narrow its scope as to business accounts, also, to eliminate a certain overlapping with investments under certain circumstances and, further, to prevent fictitious deductions.”
 

 Prior to this amendment, it had been held in the case of
 
 Tax Commission
 
 v.
 
 Kelly Springfield Tire Co.,
 
 38 Ohio App., 109, 175 N. E., 700, decided January 19, 1931, and used as an authority in 38 Ohio Jurisprudence, 807, that Section 5327, General Code, as it then stood, permitted the deduction from credits of the sum total of debts and obligations. On March 25,1931, this court overruled a motion to certify the record in that case.
 

 It is the duty of the court in interpreting an amendment under such circumstances to try to find on the face of the amendment the purpose thereof. It seems clear to me that the purpose of the Legislature was to narrow the interpretation which the- courts had previously put upon the section. Now the test of whether a liability is deductible is: Does it come within the definition of a current account payable?
 

 
 *107
 
 Section 5327, General Code, as it stood at all times in question in the cases here under consideration, defines the term “credits” as meaning the excess of the sum of all accounts receivable and prepaid items over and above the sum of current accounts payable of the business, other than taxes and assessments.
 
 Ecopressio unius est eccclusio alterius.
 

 “Current accounts” is defined to include all items receivable or payable on demand within one year from the date of inception, however evidenced. What the appellant is contending for in this case is an interpretation of the term “current accounts payable” which would make that term synonymous with all current liabilities.
 

 Counsel for appellant say in their brief: “In its broad, general sense, the term ‘accounts payable’ is synonymous with the more commonly used accounting term of‘current liabilities,’ * * However, on the same page, counsel quote Budd and Wright, The Interpretation of Accounts, page 340: “ ‘Accounts Payable’ should include only debts which arise through the purchase of goods or services from outsiders; it should not include such items as accrued wages, accrued taxes or similar debts of the business. * * *”
 

 Counsel also quote from Accountants Handbook (Rev. Ed.), page 839, as follows: “In the narrowest usage this term maybe restricted to trade creditors’ accounts, consisting primarily of liabilities created through the purchase of merchandise, materials and supplies on account.”
 

 Counsel for appellant state their position in their brief as follows: “Inpresent day accounting practice, the obligation represented by advancements of customers is generally treated as a current liability.” I agree with that statement without reservation, but “current liability” is a wider term than “current account payable.”
 

 Counsel cite seven leading authorities on accounting
 
 *108
 
 practices, not one of whom, with possibly a single exception, treats advance payments as current accounts payable. The one possible exception is Professor Saliers, who lists “deposits” under accounts payable. However, the term “deposits” is usually used to indicate such items as meter deposits, water -deposits, and other public utility deposits, although sometimes used to describe payments in advance. On page 691 of the Accountants’ Handbook, Professor Saliers says: “Deposits — Balances representing deposits made with the concern under audit should be stated separately from regular creditors’ balances unless the amounts are comparativély small. The amounts of these balances should be confirmed by the depositors.” Professor Saliers, in making his detailed listings, is recommending the same for the purposes of auditing.
 

 Counsel use two pages of quotations from Hester’s “Accounting Theory and Practice — Advanced Accounting” in support of their argument, but not a single line of the quotation sustains the position of appellant. For instance, Mr. Hester says: “Accounts payable to trade creditors are usually the current items * * Counsel then quote and italicize as follows:
 
 “Another group of accounts payable of a more or less current type consists of deposits of various sorts.
 
 The business may accept deposits from customers or employees for various purposes. Consumers’ deposits with gas and electric light companies as guaranty to cover payment of bills and possible damage to meters or other company property; deposits covering locker privileges, breakage of materials, keys issued, and the like, are examples of this kind.”
 

 Counsel then quote what Mr. Hester has to Say on guaranties, and emphasize the part hereinafter put in italics, to wit:
 

 “Sometimes goods are purchased and only partly paid for, a portion of the purchase price being retained as a guaranty of quality until opportunity is given for
 
 *109
 
 adequate examination and acceptance or rejection. Similarly, in the case of construction work done by contract or subcontract, the owner — or, if a subcontract, the general contractor — retains a certain percentage of the contract price as a guaranty of performance of the whole according to contract agreement.
 
 This liability for the portion retained is a current liability, as a usual thing, and is to be listed under accounts payable with suitable subtitle.”
 

 The author is here talking about the reverse of what we have to consider in the instant case, and instead of referring to the seller’s account is referring to the buyer’s account, showing that the thing contracted for has not yet been paid for.
 

 Professor William Morse Cole, who taught accounting at Harvard University for many years, says in his book “The Fundamentals of Accounting,” at page 115: “Miscellaneous liabilities not for principal
 
 purchases
 
 of quickly convertible assets are not credited to Accounts Payable but to one of the accounts discussed in the next paragraph.” (Italics mine.)
 

 Discussing further the quotations of accounting authorities by counsel for appellant, Bliss in “Management Through Accounts,” page 368, says: “Generally these deposits or advances from customers should be treated as
 
 current liabilities
 
 and shown as a separate item in that section of the balance sheet.” (Italics mine.) This is far from saying that these items should be treated as current accounts payable.
 

 Professor Sanders in “Reports to Stockholders,” page 25, under the heading of ‘ * Other Current Liabilities,” says: “It is desirable that this caption, if used, be accompanied by explanatory or descriptive information indicating the nature of the items; for example, customers’ deposits, accrued payrolls and other current expense items, advance billing and advance payments, etc.” The very heading “Other Current Liabilities” shows that Professor Sanders is differentiating
 
 *110
 
 these items from accounts payable and bills or notes payable.
 

 In counsel’s quotation from Montgomery, “Auditing Theory and Practice,” page 303, it is said: “There are certain deposits received which should be classified as liabilities, such as funds which have been deposited as guaranty of good faith as part payment on account of a purchase or as security for an undischarged obligation, and deposits made to insure the return of containers.”
 

 In counsel’s quotation from Patón, who relies on Bliss as an authority, it is said at page 247 of “Accountants’ Handbook”: “Where advances are made by customers for a considerable time in advance of delivery, as often happens in manufacturing, it is not good practice to treat the transaction as a sale in the accounting records. Instead the amount received should be credited to the customer’s account and to a special account entitled ‘advances on sales contracts,’ ‘unfilled paid orders, ’ or by other appropriate caption. ’ ’
 

 I am not unmindful that there is a real and subsisting liability on the part of the manufacturer to the customer who has made advance payments for machinery to be delivered, which liability should be reflected on the manufacturer’s books as a liability and on the customer’s books as an asset.
 

 Whether the manufacturer sets up a reserve against inventory or work in process, or uses the method pursued in the instant case, is a matter of accounting practice but does not change the fact that the Legislature has limited the liabilities which may be deducted from current accounts receivable and prepaid items to current accounts payable.
 

 These advance payments are not recoverable in the ordinary course by the customer. Where a customer has made an advance payment and the manufacturer has failed to deliver or has breached any warranty of the sales contract, the customer has (a) a cause of action
 
 *111
 
 for damages for nondelivery (Section 8447, General Code), (b) a cause of action for specific performance (Section 8448, General Code), or (c) a cause of action for a breach of warranty (Section 8449, General Code), which includes rescission.
 

 By the great weight of accounting authority, none of these rights of action may be classed as a current account payable by the manufacturer. The fact that the books of the parties should reflect the respective contingent asset or liability does not alter the situation.
 

 In the case of
 
 Sadler
 
 v.
 
 Pure Oil Co.,
 
 172 S. C., 220, 222,173 S. E., 640, 641, it was necessary that the basis of that suit should be an account receivable. The alleged violation of a sales contract as to the price of gasoline was the bone of contention, and á claim fox-damages for alleged overcharges was being made by the retailer plaintiff against the wholesaler. In that case, the court said: “We may be going somewhat beyond the scope of this appeal in declaring that in
 
 no
 
 sense can damages for an alleged breach of contract be considered an accouxxt receivable. In 1st C. J., 730, it iydt said that an account receivable is an obligation owing to a person on open account, and in
 
 National Bank of Newport
 
 v.
 
 National Herkimer County Bank, 225
 
 U. S. [178], at page 184, 32 S. Ct., 633, 56 L. Ed., 1042, it is said that accounts receivable are assets owing on open account.” (Italics mine.) Accounts payable are the reverse of accounts receivable.
 

 I agree that taxing statutes should be construed where possible in favor of the taxpayer, but we must not lose sight of the purpose of the Legislature in narrowing the deductions which may be made in ascertaining the aggregate amount of “credits” to be returned for taxation.
 

 The single issue in this case is whether the liabilities in question may be treated as current accounts pay
 
 *112
 
 able and deducted from current accounts receivable and prepaid items.
 

 While the claim was made in brief and argument that the decision of the Board of Tax Appeals results in double taxation, the record does not show this. During the oral argument, counsel for appellant made the statement that he thought the record would show that no deduction had been made from goods in process or manufactured inventory. However, careful reading of the record fails to disclose any such evidence.
 

 The decision of the Board of Tax Appeals, being neither unlawful nor unreasonable, should be affirmed.