Carroll E. MOORE, Plaintiff,

v.

INGRAM & ASSOCIATES,
INC., Defendant.

No. 7:92–0428–20.

United States District Court,
D. South Carolina,
Spartanburg Division.

Oct. 29, 1992.

James J. Raman, Spartanburg, S.C., for plaintiff.

Perry D. Boulier, Spartanburg, S.C., for defendant.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motion for summary judgment by the defendant, Ingram & Associates, Inc. ("Ingram").

The facts of the case are not in dispute. This case arises from an attempt to collect a debt. Ingram sent a letter dated January 11, 1991, to the plaintiff, Carroll E. Moore ("Moore"), about a debt asserted to be owed by Moore to Wallace Thomson Hospital in the amount of One Thousand One Hundred Sixty–One Dollars and Eighty Cents ($1,161.80). This letter was the only communication between the parties. The letter provides in part:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. (emphasis added).

It is not disputed that no judgment has been obtained against Moore. Moore brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Moore alleges that the validation notice required by 15 U.S.C. § 1692g was misleading because it is stated in the alternative, and one of the alternatives does not apply to this case. "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt...." 15 U.S.C. § 1692e (1982).

Under the FDCPA, the debt collector is required to send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of

the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (1982).

■ The portion of the January 11, 1991, letter that is alleged to be misleading is the statement required by 15 U.S.C. § 1692g(a)(4). The question presented in this case is whether the language of the January 11, 1991, letter is misleading in violation of 15 U.S.C. § 1692e. This is a matter of law. In determining this question, the court must determine if the notice would have the tendency to mislead the "least sophisticated recipients" of the letter. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir.1985); *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir.1982). This is an objective standard. *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 392 (D.Del.1991). It is immaterial how the plaintiff may have understood the statement. The court must look to whether the letter would mislead a general unsophisticated recipient.

The court can find only two cases in which the question of whether it is misleading to state in a validation notice that the debt collector will obtain "verification of the debt or a copy of a judgment" when no judgment exists is addressed. *In re Barr*, 54 B.R. 922 (D.Or.1984); *Blackwell v. Professional Business Services of Georgia, Inc.*, 526 F.Supp. 535 (N.D.Ga.1981).* Each of those cases found that the use of language about a judgment, in the alternative, was not misleading even though no judgment existed.

Moore contends that having the notice provision in the alternative, with the use of the word "or" is misleading. The court does not agree. The mention of a judgment in the notice is merely an alternative means of confirmation of the debt. Even the least sophisticated consumer understands that the word "or" means that one of two alternatives will be taken. Moore seeks this court to find that "or" is misleading unless both of the alternatives ap-

ply to every situation. The court cannot make such a finding. The letter in this case does not threaten that a judgment will be sought nor does it imply that a judgment has been obtained.

■ Also, the language in the January 11, 1991, letter mirrors the language required by 15 U.S.C. § 1692g(a)(4). A debt collector, however, does not comply with § 1692g merely by including the required debt validation notice. *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991). The notice must be conveyed effectively to the debtor. *Id.* Unlike *Miller*, in which the notice language was overshadowed and contradicted by other language in the letter, this case involves a letter that contained the required language and conveyed it in a manner which could be understood by even the least sophisticated recipient.

■ Moore cites several informal opinion letters from a Federal Trade Commission attorney to the effect that reference to a judgment when none exists is misleading. The court agrees with the reasoning from the *Blackwell* case that these informal opinion letters are by no means binding on this court. *Blackwell*, 526 F.Supp. at 538–39. As did the court in *Blackwell*, this court declines to follow these informal opinion letters.

Based on the foregoing, the court finds that the January 11, 1991, letter did not contain any false, deceptive, or misleading representations in violation of 15 U.S.C. § 1692e. Therefore, it is

ORDERED that the defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

---

* *Blackwell* was decided on the "reasonable consumer" standard instead of the "least sophisticated recipient" standard. Although the court does not agree with the standard applied in *Blackwell*, the reasoning on whether the use of the word "judgment" was misleading is instructive.