2239

Roger P. DUNCAN, Appellant v. Jeffrey M. NICHOLS, Respondent.

(451 S.E. (2d) 24)

Court of Appeals

*James R. Raman,* Spartanburg, *for appellant.*

*Craig S. Kelly,* Columbia, *for respondent.*

Heard Sept. 8, 1994.

Decided Oct. 10, 1994.

HOWARD, Acting Judge:

This is an action seeking damages for representations contained in a collection letter alleged to be false, misleading or deceptive under the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 *et. seq.* (1982). The jury returned a verdict for Nichols (Debt Collector). Duncan (Consumer) appeals certain alleged errors in the jury instructions. We affirm.

The Fair Debt Collection Practices Act regulates conduct undertaken to collect a debt. § 1692c. Under § 1692g, a debt collector is required to send to the consumer a written notice containing the following:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with a name and address of the original creditor, if different from the current creditor.

Section 1692e(2)(A) further regulates debt collection practices as follows:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of . . . the character, amount, or legal status of any debt. . . .

In this case, Nichols is an attorney who specializes in the collection of unpaid debts. Duncan owed a debt to Ford Motor Credit Company related to the purchase of

an automobile. The status of Nichols as a "Debt Collector" and Duncan as a "Consumer" within the purview of the act is not contested by either party.

Nichols sent a letter to Duncan in an attempt to collect the debt owed to Ford Motor Credit Company. The letter was the only contact from Nichols. In accordance with § 1692g(a)(4), the letter contained the following language:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt *or obtain a copy of a judgment* and mail you a copy *of such judgment* or verification. (Emphasis added.)

It is undisputed at the time the letter was sent to Duncan, the debt to Ford Motor Credit Company had not been reduced to judgment.[1] Because there was no judgment against Duncan regarding the debt, Duncan initiated this action alleging the inclusion of the alternative language referring to a judgment constituted an unfair, deceptive and misleading practice in violation of § 1692e.

At the conclusion of Duncan's case, Nichols moved for a directed verdict on the grounds that the language contained in the letter mirrors the statutory language of § 1692g(a)(4), and as a matter of law, the letter was not false, deceptive or misleading. The trial judge denied this motion. After Nichols presented his defense, the jury returned a verdict in his favor, and Duncan appealed.

Duncan appeals various aspects of the jury charge. He argues the trial judge erred (1) by failing to adequately inform the jury to evaluate the letter from the perspective of the "least sophisticated debtor"; (2) by charging the jury it could award "statutory damages" as set forth in the Act only if the jury awarded actual damages; (3) by charging the defense of unintentional violation resulting from bona fide error where it

---

[1] The record does not contain any evidence or stipulation to establish that no judgment had been entered. However, the case was tried by the parties on this premises. *See Woods v. Rabon*, 295 S.C. 343, 347, 368 S.E. (2d) 471, 474 (Ct. App. 1988). Additionally, at oral argument, the parties agreed that no judgment existed against Duncan.

was not pled as an affirmative defense; and (4) by failing to charge actual deception of the consumer was irrelevant in a determination of liability. We conclude any error in these charges was harmless because the letter is not unfair, deceptive of misleading as a matter of law. As such, Nichols' motion for a directed verdict should have been granted. *See Sadler v. Pure Oil Co.*, 172 S.C. 220, 173 S.E. 640 (1934).

Duncan relies upon the informal opinion letters from the Federal Trade Commission attorney for his argument that reference to a nonexistent judgment is misleading. However, federal cases that have addressed this issue conclude the word "or" between the phrases "validation of the debt" and "judgment" is not unfair, deceptive or misleading as a matter of law. Instead, "or" simply means one of two alternatives will be taken, even to the least sophisticated consumer. *Moore v. Ingram & Assocs., Inc.*, 805 F. Supp. 7 (D.S.C. 1992); *In re Barr*, 54 B.R. 922 (D.Or. 1984); *Blackwell v. Professional Business Servs. of Ga., Inc.*, 526 F. Supp. 535 (N.D.Ga. 1981).[2]

In this case, as in *Moore*, the letter does not threaten a judgment will be sought, nor does it imply a judgment has been obtained. Rather, Nichols' letter tracks verbatim the language required to comply with § 1692g(a)(4). Further, there is no language contained in the letter which "overshadows" or contradicts other language in the letter. *See Miller v. Payco-General Am. Credits, Inc.*, 943 F. (2d) 482, 484 (4th Cir. 1991).

We agree with the District Court of South Carolina in *Moore* that reasonable minds could not differ with regard to the construction of this language. As such, the decision is a matter of law. *Gosnell v. South Carolina Dep't of Highways & Pub. Transp.*, 282 S.C. 526, 320 S.E. (2d) 454 (Ct. App. 1984). We further agree the notice sets forth merely an alternative means of confirmation of the debt and even the "least sophisticated" consumer understands the word "or" means one of two alternatives will be taken. Therefore, we conclude the notice letter did not contain any false, deceptive or misleading representation in violation of § 1692e, and the trial court should have granted Nichols' motion for directed verdict. As such,

---

[2] As the court noted in *Moore*, the *Blackwell* court applied a "reasonable consumer" standard instead of the "least sophisticated recipient" standard.

any error in the charge to the jury is harmless. *Sadler,* 172 S.C. at 224, 173 S.E. at 642.

Affirmed.

SHAW and GOOLSBY, JJ., concur.