14793

WILSON v. GREGORY

(200 S. E., 358)

64

66

*Mr. Donald Russell,* for appellant,

*Messrs. Evans, Galbraith & Holcombe,* for respondent,

December 15, 1938.

*Per curiam.*

In his order allowing the plaintiff to amend his complaint, the Circuit Judge sufficiently states the nature of the controversy and the issues involved. The defendant contends (1) that the complaint, as amended, states a new cause of action, and (2) that such cause of action is barred by the statute of limitations.

Under the facts shown, if appellant's first contention is right, then his second must be sustained. As stated in *Coral Gables v. Palmetto Brick Co.*, 183 S. C., 478; 191 S. E., 337, 341, "an amendment of a complaint will not be allowed if a wholly new cause of action is thereby introduced where the new cause of action is so old as to have been barred by the statute of limitations. In other words, an amendment which substitutes a new and different cause of action, and debars the defendant of the privilege of pleading the statute of limitations, will not be allowed."

The respondent argues, however, that "the amended complaint does not set up a new cause of action, but seeks only a different remedy on the original cause of action," which the Circuit Judge could properly allow by amendment. In *Heller, Hirsh & Co. v. Phosphate Co.*, 28 S. C., 224, 5 S. E., 611, the Court said [page 614] : "As we understand it, in such cases the vendor has a choice of one of three remedies: (1) He may store or retain the property for the vendee, and sue him for the entire price; (2) he may sell the property, and recover the difference between the contract price and the price obtained at the resale; (3) he may keep the property as his own, and recover the difference between the market price at the time and place of delivery and the contract price."

We think the above cited decision supports plaintiff's contention, namely, that the amendment allowed did no more than substitute a new and different remedy from that which was relied upon in the original complaint. This appearing to be true, it is clear

that such amendment does not set up a new cause of action, for the reason that a cause of action and the remedy sought are entirely different matters. See *Emory v. Hazard Powder Co.*, 22 S. C., 476, 53 Am. Rep., 730, where this Court held that the cause of action and the remedy "are separate and distinct from each other, and are governed by different rules and principles." The Court there goes on to say that "it is true, that the motive which prompts the action is a desire for relief, and to obtain this relief is the object of the action, and in this sense the relief sought is the cause of the action; but this is not the legal sense of the phrase 'cause of action.' On the contrary, that sense is as stated above; *i. e.*, a breach of one's legal rights."

Finding no abuse of discretion on the part of the Circuit Judge in allowing the amendment, we approve, for the reasons above stated, the order issued by him. See *Ebner v. Haverty Furniture Co.*, 138 S. C., 74, 136 S. E., 19.

We find that the respondent admits in the agreed statement of fact that the order allowed the plaintiff to amend his complaint "so as to change his cause of action." Generally, a statement of this kind would be binding upon the party agreeing to it. However, an examination of the Court's order discloses that the Circuit Judge held to the contrary, to wit, that "the proposed amendment did not set up a new cause of action." We conclude, therefore, that this statement was inadvertently made and agreed to by counsel.

The circuit decree, which will be reported, is affirmed.

MR. JUSTICE CARTER did not participate on account of illness.