21174

ARROWOOD ESTATES, INC., Respondent, v. WESTGATE SHOP-PING CENTER, INC., Phillips Construction Company, Inc., and the First National Bank of Lancaster, of whom Phillips Construction Company, Inc. and the First National Bank of Lancaster are also Respondents, and Westgate Shopping Center, Inc. is Appellant.

(265 S. E. (2d) 32)

*Richard E. Richards,* of *Richards & Wright,* Lancaster, *for appellant.*

*Brooks P. Goldsmith,* of *Thomas, Rushing, Goldsmith & Folks,* Lancaster, *for respondent Arrowood Estates, Inc.*

*Gregory & Gregory,* Lancaster, *for respondents Phillips Construction Co., Inc., et al.*

March 26, 1980.

LEWIS, Chief Justice:

This action was brought in October 1967 to foreclose a Mechanic's Lien filed in April 1967 by respondent Arrowood Estates, Inc., a sub-contractor, against property of appellant Westgate Shopping Center, Inc. The Mechanic's Lien arose out of a claim by respondent Arrowood for amounts allegedly past due for labor materials furnished in the construction of a shopping center on appellant's property pursuant to a prime contract between appellant and respondent Phillips Construction Company, Inc., the prime

contractor. Judgment is sought against the appellant and respondent Phillips in this action.

Appellant filed a reply to the petition for foreclosure and interposed several defenses. For some reason, not indicated in the record, no further actions were taken in this matter until January 1979, when appellant attempted to amend its pleadings by what is now designated a *second amended reply*. The issues in this appeal involve the propriety of amendments proposed in the eighth and ninth defenses of appellant's second amended reply. The trial judge denied both amendments, and this appeal followed. We reverse the ruling as to the eighth defense and affirm as to the ninth.

The eighth and ninth defenses allege the basis for an off-set by appellant from any recovery against it. The eighth defense is directed against the respondent Phillips, the prime contractor. The ninth defense is directed against respondent Arrowood, the subcontractor. Appellant contends that the eighth and ninth defenses are simply enlargements of the third defense of its original reply and, therefore, should have been allowed.

The original third defense alleged:

That if the labor and materials described in the petition were furnished and it is determined that they constitute extra work not included under the original contract, then this respondent [appellant] is not responsible for same because its contract with Phillips provided that all extra work be approved in writing by appropriate change orders. There were no written change orders for the subject labor or materials.

The relevant part of the eighth defense sought to be added by appellant provides as follows:

That in the event petitioner recovers then this respondent [appellant] is not ultimately responsible for same to the extent of $13,276 escrow fund established by the respondents

[appellant and respondent Phillips] because its contract with Phillips provided that all extra work be approved in writing by appropriate change orders. There were no written change orders for the subject labor or materials. Therefore, such recovery will entitle this respondent [appellant] to recoupment against respondent Phillips in like amount.

Accordingly, the said funds including interest placed in escrow by both respondent [appellant and respondent Phillips] with First Citizens Bank and Trust Company should be applied to the payment of petitioner's recovery as contemplated by the escrow agreement.

The trial judge ruled that allowance of the amendment would interpose a new cause of action and thereby violate the general rule that one may not set up by amendment a wholly different cause of action when the cause of action attempted to be set up is barred by the statute of limitations. See: *De Loach v. Griggs*, 222 S. C. 326, 72 S. E. (2d) 647. We disagree.

Both, the original third defense and the eighth defense are based upon the alleged failure of respondent Phillips, the prime contractor, to obtain written approval of the appellant owner to any changes of orders for additional work. The appellant owner and the prime contractor (Phillips) had placed in escrow the amount claimed in the Mechanic's Lien. Appellant alleges, in effect, in both the original reply and the amendment thereto that the failure to obtain its consent to the change orders relieves it of any liability. The only allegations in the eighth defense, not contained in the original reply, are those stating that, if petitioner, respondent Arrowood, recovers, appellant should not be held liable and Arrowood should be paid out of the escrow account, in accordance with the escrow agreement.

Therefore, the amended pleading does not change the nature of the defense. Appellant correctly points out that both pleadings are directed to the alleged liability of respon-

dent Phillips. If the defense is sustained under either pleading, liability would fall on Phillips. The amended pleading simply alleges that any liability of Phillips should be paid out of the escrow fund. The nature of the defense is not affected, only the remedy.

Since the present amendment did no more than substitute a different remedy from that relied upon in the original pleading, it did not set up a new cause of action so as to fall within the bar of the statute of limitations. See: 54 C. J. S. Limitations of Actions §§ 282 and 284; *Wilson v. Gregory,* 189 S. C. 62, 200 S. E. 358.

The trial judge was, therefore, in error in refusing to allow the eighth defense.

However, the ninth defense was properly disallowed. The pleadings indicate that the ninth defense involves a tort action or claim for misrepresentation which is not dependent on the original third defense. Appellant was in no way prevented from pursuing this claim prior to the expiration of the statute of limitations. The trial judge was correct in disallowing the ninth defense as an amendment, since it would set up, by way of defense, a wholly new cause of action which is otherwise barred by the statute of limitations.

The judgment is affirmed in part and reversed in part, and remanded for proceedings consistent with this opinion.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.