22544

Dorothy WHITE, Respondent-Appellant v. BENEDICT COLLEGE, INC., and Dr. James Paschal, Defendants, of whom Dr. James Paschal is Appellant-Respondent.

(344 S. E. (2d) 147)

Supreme Court

*A. Philip Baity,* Columbia, *for appellant-respondent.*

*Larkin V. Campbell,* Columbia, *for respondent-appellant.*

Submitted March 26, 1986.

Decided May 5, 1986.

NESS, Chief Justice:

This is an appeal by two parties from an order of the trial judge which vacated a damages award against Paschal, but refused to vacate a default judgment entered against Paschal at trial. We reverse.

Paschal and White were employed by Benedict College. White brought an action against Paschal and Benedict College for sexual harassment. Paschal failed to answer, but no default judgment was entered against him prior to trial. Paschal was not notified of the trial and did not appear. The trial judge granted a default judgment against Paschal, and the jury awarded White $40,000 against Paschal.

Paschal moved pursuant to S. C. Code Ann. Section 15-27-130 (1976)[1] to set aside the verdict on several grounds. He alleged an amendment at trial was improper in that it permitted White to assert a new cause of action. The trial judge found the amendment was a matter of form only. We disagree.

During trial, the court may allow an amendment of a complaint to conform to the proof at trial as long as the amendment does not materially change the claim. S. C. Code Ann. Section 15-13-920 (1976)[2]; *Wilson v. Gregory,* 189 S. C. 62, 200 S. E. 358 (1938); *Grist v. Caldwell,* 123 S. C. 240, 116 S. E. 448 (1923).

White's original complaint alleged a cause of action for sexual harassment, a tort which is not recognized in South Carolina. At the close of the evidence, the

---

[1] Repealed by Act No. 100, 1985. Now governed by Rule 60(b), SCRCP.
[2] Repealed by Act No. 100, 1985. Now governed by Rule 15(b), SCRCP.

trial judge permitted White to amend her complaint to allege a cause of action for assault and battery. This amendment permitted White to assert a new cause of action and was improper.

In light of our ruling on this issue, it is unnecessary for us to reach the issues raised by White. The order of the trial judge is reversed, and the judgment against Paschal is vacated.

Reversed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.