1150

Rebecca J. WOODS, Appellant v. Donald Steven RABON
and PYA/Monarch, Inc., Respondents.

(368 S. E. (2d) 471)

Court of Appeals

*John R. Clarke*, North Myrtle Beach, *for appellant.*

*John B. McCutcheon, Jr.*, of *McCutcheon, McCutcheon & Baxter*, Conway, *for respondents.*

Heard Jan. 18, 1988.

Decided May 9, 1988.

BELL, Judge:

This is an action in negligence for damages. Rebecca J. Woods sued Donald Steven Rabon and his employer, PYA/Monarch, Inc., for injuries she allegedly sustained in a collision between her automobile and a truck being driven by Rabon in the course of his employment. The jury returned a verdict for the defendants.[1] Wood appeals. We affirm.

## I.

Woods appeals from the circuit court's denial of her motions for a directed verdict, judgment notwithstanding the verdict, and a new trial. The issue before

---

[1] For convenience, we shall refer to the defendants as "Rabon" in this opinion.

us is whether there was sufficient evidence to send the case to the jury and to sustain its verdict. In deciding this question, the evidence together with all inferences to be drawn therefrom must be viewed in the light most favorable to Rabon. *Cope v. Eckert,* 284 S. C. 516, 327 S. E. (2d) 367 (Ct. App. 1985). Our review is limited to determining if there is any evidence to support the verdict. *Madden v. Cox,* 284 S. C. 574, 328 S. E. (2d) 108 (Ct. App. 1985).

Viewed in the light most favorable to Rabon, the evidence shows the following facts.

On the afternoon of January 30, 1985, Rabon was making deliveries in Myrtle Beach for PYA/Monarch, a food distributor. Conditions were sunny, clear, and dry. Rabon was driving a large 1978 Ford refrigerator truck owned by PYA/Monarch. The truck carried a sign on its rear panel warning that it makes wide right turns.

Shortly before the accident, Rabon turned right from Third Avenue South onto Ocean Boulevard, a major four lane highway with a posted speed limit of 25 mph. Movement through the intersection of Third Avenue and Ocean Boulevard is controlled by a traffic light. As Rabon proceeded down Ocean Boulevard in the right southbound lane, he was followed by Woods, who had turned onto Ocean Boulevard at Second Avenue South. Woods was in a 1975 Dodge Dart. She passed through the intersection at Third Avenue on the green light.

Rabon's next delivery required him to turn right at the intersection of Ocean Boulevard and Fifth Avenue South. He had made this turn many times during past deliveries. He testified that the entrance to Fifth Avenue is narrow because it is a single lane street with a building, a light pole, and a chain link fence positioned on the corners close to its intersection with Ocean Boulevard. He knew from past experience that he could not negotiate the entrance without making a wide right turn from Ocean Boulevard.

As Rabon approached Fifth Avenue on Ocean Boulevard, he switched on his right hand turn signal approximately 200 feet before the intersection. He then veered out into the *left* southbound lane, checking his left and right rear view mirrors as he went, and crossed back into the right southbound

lane to make the wide right turn onto Fifth Avenue. His speed as he made the turn was 5 mph or less. He saw nothing in his rear view mirrors while he was turning.

Woods, still following Rabon in the right southbound lane, saw him pull into the left lane. She proceeded to overtake his truck on the right at a speed of between 25 mph and 30 mph. As she passed the right rear of the truck, she turned her head and saw its right turn signal blinking. Her testimony as to what happened next was as follows:

> Well, I figured because he was in the lefthand lane, that he was—he must have hit the signal the wrong way or something, so I just kept on driving, and by that time, he had turned into the right to try and go into a right-hand driveway, and hit me from the back—behind my driver's door back.

Woods also testified that she could see the rear of Rabon's truck as she followed him, that she did not see his sign warning of wide right turns, that she had never seen such a warning sign on any truck (but she had seen other trucks make wide right turns in the past), and that she did not see Rabon's brake lights go on before he made his turn. She admitted Rabon slowed to make the turn.

The right front bumper of Rabon's truck hit the side panel of Woods's car over the left rear wheel well. Rabon came to an immediate stop at the point of impact. Woods spun out towards the lefthand lane and came to rest in front of the truck.

Without question, this evidence created an issue of fact for the jury on Woods's cause of action for negligence. A fact finder could have reasonably concluded that Rabon exercised due care in the circumstances, that Rabon's conduct was not the proximate cause of the accident, or both. Because the evidence supported a verdict for Rabon, the trial judge properly denied Woods's motions.

## II.

At the close of the evidence, Rabon made a motion to amend his answer to raise the defense of contributory negligence. The motion was made on the ground that amendment was necessary to conform the pleadings to the evidence. The

judge granted the motion and the answer was amended. Woods asserts prejudicial error.

The defense of contributory negligence does not depend on any duty owed by the injured party to the party sued. All that is necessary to establish the defense is to prove to the satisfaction of the jury that the injured party did not in his own interest take reasonable care of himself and contributed, by this want of care, to his own injury. *South Carolina Insurance Co. v. James C. Greene & Co.*, 290 S. C. 171, 348 S. E. (2d) 617 (Ct. App. 1986).

The facts above recited clearly raised the issue of contributory negligence. The jury could have found that Woods either ignored or negligently failed to observe the warning that Rabon's truck makes wide right turns, that she ignored or negligently failed to observe his slowing to make the turn, that she consciously disregarded his right turn signal, that she was exceeding the posted speed limit, that she was driving too fast for conditions, that she failed to reduce her speed as she approached an intersection, that she failed to reduce her speed when a special hazard with respect to other traffic existed, and that she overtook Rabon from the right side when conditions did not permit such movement in safety. Any of these could have led the jury to conclude that Woods's injuries resulted directly from her failure to take reasonable care for her own safety.

A motion to amend pleadings is left to the sound discretion of the trial judge. *Mylin v. Allen-White Pontiac, Inc.*, 281 S. C. 174, 314 S. E. (2d) 354 (Ct. App. 1984). When issues not raised by the pleadings are tried by the express or implied consent of the parties they are to be treated in all respects as if they had been raised in the pleadings; and such amendment of pleadings as may be necessary to conform them to the evidence and raise such issues may be made upon motion of any party at any time, even after judgment. Rule 15(b), S. C. R. Civ. P. If neither party timely objects to evidence raising issues not pleaded, each is deemed impliedly to consent to the trial of such issues. *Nielson v. Armstrong Rubber Co.*, 570 F. (2d) 272 (8th Cir. 1978).

In this case, Woods did not object to the evidence raising the issue of contributory negligence. By allowing that evidence to be introduced without objection,

she impliedly consented to the trial of the issue. Thus, she was in no position to complain when the judge permitted an amendment of pleadings to conform to the evidence. In the circumstances, Rule 15 required the judge to treat the issue of contributory negligence in all respects as if it had been raised in the pleadings. *See* Rule 15(b), S. C. R. Civ. P.; *Elliott v. Dew*, 264 S. C. 40, 212 S. E. (2d) 421 (1975).

Woods argues that she was prejudiced by the amendment of the pleadings. We reject this argument for two reasons.

First, Rule 15(b) directs the court to consider prejudice, "[i]f evidence is objected to at trial on the ground that it is not within the issues made by the pleadings. . . ." In other words, a claim of prejudice must be preserved by a prior objection to admission of the evidence. As we have already observed, Woods allowed evidence of contributory negligence to come in without objection. Therefore, she waived any claim of prejudice.

Second, the amendment resulted in no actual prejudice to Woods in maintaining her claim on the merits.

Rabon originally pleaded a general denial as a defense against the claim of negligence. A defendant is entitled under a general denial to introduce evidence that the conduct of another was the sole proximate cause of the plaintiff's injury. *O'Neal v. Carolina Farm Supply of Johnston, Inc.*, 279 S. C. 490, 309 S. E. (2d) 776 (Ct. App. 1983). Thus, under the issues as initially framed by the pleadings, evidence that Woods's own conduct caused her injuries was admissible. Since a plaintiff may be guilty of both negligence and contributory negligence on the same set of facts,[2] the amendment did not require Woods to meet a different set of facts than those supporting Rabon's general denial. In other words, the amendment did not alter the proof of facts needed to establish Woods's claim on the merits. Woods's counsel needed only to argue that the facts already in evidence established neither the sole negligence defense nor the contributory negligence defense, but instead proved Rabon's liability.

---

[2] *South Carolina Insurance Co. v. James C. Greene & Co., supra* at 290 S. C. 177, n. 1, 348 S. E. (2d) 621, n. 1.

Woods also asserts that the judge abused his discretion because the amendment changed substantially the defense she had to face. In support of this position, she cites *White v. Benedict College, Inc.*, 288 S. C. 572, 344 S. E. (2d) 147 (1986). *White* was decided under Section 15-13-90, South Carolina Code of Laws, 1976, which is now repealed. The former statute allowed amendment of pleadings to conform to the evidence if the amendment did not substantially change the claim or defense. The law has changed under Rule 15(b). The Rule contains no provision similar to the old statute. Instead, Rule 15(b) allows the amendment of pleadings, but permits the court, upon motion of the objecting party, to grant any continuance reasonably necessary to enable him to meet the changed defense. Woods made no such motion in this case.

Finally, Woods claims the circuit court did not, as required by Rule 15(b), state on the record its reason for allowing the pleadings to be amended. Since the judge did give his reason on the record, this exception is manifestly without merit.

For the reasons stated, we overrule the exceptions. The judgment of the circuit court is affirmed.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.

