**Patricia SMITH, Plaintiff,**

v.

**PRUDENTIAL FINANCIAL SERVICES, INC., Berry Biles, Phil Rusnak, and Lance Roberson, Defendants.**

**Civ. A. No. 3:89–2984–16.**

United States District Court,
D. South Carolina,
Columbia Division.

April 9, 1990.

F. David Butler, Columbia, S.C., for plaintiff.

George E. Lewis, Columbia, S.C., for Prudential Ins.

Vance J. Bettis, Columbia, S.C., for Biles and Rusnak.

## ORDER

HENDERSON, District Judge.

This matter is before the Court on motion of defendant Lance Roberson ("Roberson") to dismiss him from this action pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. No response has been submitted to the motion and the motion has therefore been determined on the record before the Court without oral argument in accordance with Local Rule 12.06, D.S.C. For the reasons set forth below, the motion is granted.

Because matters outside the pleadings have been presented to the Court, the motion is treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact and the court must view the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). So

viewed, Roberson sexually harassed the plaintiff while both were sales agents for Prudential Financial Services, Inc. As a result, the plaintiff suffered psychological damage, underwent psychiatric care and was forced to quit her job. She seeks damages from Roberson for sexual harassment.

Roberson argues (1) there is no common-law cause of action for sexual harassment in South Carolina, (2) any common-law cause of action for sexual harassment would be pre-empted by the Workers' Compensation Act, *S.C.Code Ann.* §§ 42–1–10 *et seq.,* (3) the plaintiff has not complied with the procedural prerequisites prescribed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and (4) Roberson is not an "employer" within the meaning of either Title VII or its state counterpart, the South Carolina Human Affairs Law, *S.C.Code Ann.* §§ 1–13–10 *et seq.*

■ Title VII makes it unlawful for an "employer" to discriminate against an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Courts have generally held that to be an "employer" for the purpose of Title VII, one must be an officer, director or supervisor of a Title VII employer or otherwise involved in managerial decisions. *See Flowers v. Rego,* 691 F.Supp. 177 (E.D.Ark.1988); *Hendrix v. Fleming Companies.,* 650 F.Supp. 301 (W.D.Okl.1986); *Duva v. Bridgeport Textron,* 632 F.Supp. 880 (E.D.Pa.1985); *Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521 (D.N.J.1981). Roberson has submitted the uncontradicted affidavit of W.D. Biles III, manager of Prudential's Columbia office, which states that Roberson worked for Prudential in a non-managerial, non-supervisory capacity and had no supervisory authority over the plaintiff. Accordingly, the plaintiff cannot maintain a Title VII claim against Roberson. On the same basis, the plaintiff cannot maintain a claim against Roberson under the Human Affairs Law. *See Orr v. Clyburn,* 277 S.C. 536, 290 S.E.2d 804 (1982).

The Court further concludes there is no common-law cause of action for sexual harassment in South Carolina. *White v. Benedict College*, 288 S.C. 572, 344 S.E.2d 147 (1986). Accordingly, the Court grants summary judgment in favor of defendant Roberson.

IT IS SO ORDERED.