**Luisa GLEATON, Plaintiff,**

v.

**MONUMENTAL LIFE INSURANCE COMPANY, Defendant.**

C.A. No. 2:09–cv–01667–MBS.

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 28, 2010.

Russell M. Bynum, Wigger Law Firm, North Charleston, SC, for Plaintiff.

Reginald W. Belcher, Turner Padget Graham and Laney, Columbia, SC, for Defendant.

## ORDER AND OPINION

MARGARET B. SEYMOUR, District Judge.

Plaintiff Luisa Gleaton filed the within action on June 23, 2009 against Defendant Monumental Life Insurance Company alleging sexual harassment and discrimination on the basis of race, color, national origin, and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* violation of 42 U.S.C. § 1981; wrongful termination/violation of public policy; violation of the Family Medical Leave Act ("FMLA"), 26 U.S.C.A. § 2601 *et seq.;* and violation of the South Carolina Human Affairs Law ("SCHAL"), S.C.Code § 1–13–10 *et seq.* This case is before the court on Defendant's motion to

dismiss and/or motion to strike, which was filed on August 7, 2009. Defendant seeks to dismiss Plaintiff's wrongful termination/violation of public policy, FMLA, and SCHAL claims as well as to strike all claims and/or references to the Age Discrimination in Employment Act (ADEA) and the Equal Employment Opportunity (EEO) Act. On August 25, 2009, Plaintiff responded. In her response, Plaintiff consented to the motion to strike. On September 1, 2009, Defendants replied to Plaintiff's response to Defendants' motion to dismiss and/or motion to strike.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On November 12, 2009, the Magistrate Judge issued a Report and Recommendation recommending that: 1) Defendant's motion to strike be granted; 2) Plaintiff's state law claim for wrongful termination/violation of public policy be dismissed with prejudice, and 3) the remainder of Defendant's motion to dismiss be denied without prejudice. On November 30, 2009, Defendant filed objections to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge erred in concluding that Plaintiff's FMLA and SCHAL claims should not be dismissed at this time.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has considered the pleadings, motion, and memoranda offered by the parties in support of their respective positions. The court concludes that Defendant's motion to strike should be **granted;** and that Defendant's motion to dismiss should be **granted** with respect to Plaintiff's claim for wrongful termination/violation of public policy and **denied** with respect to the respect to Plaintiff's FMLA and SCHAL claims.

## I. FACTS

Plaintiff's complaint alleges that she began working for Defendant in November 2006. Plaintiff avers that she is a Hispanic female and that she was assigned to report to Drew Sasko ("Sasko"), a Caucasian male District Manager. Plaintiff avers that Sasko discriminated against 2 her by making explicit sexual comments about Plaintiff's looks, racial preferences, lifestyle and national origin. Plaintiff further avers that she reported Sasko's conduct and that Sasko subsequently harassed and retaliated against her. Plaintiff also alleges that on October 1, 2007, she was placed on a performance enhancement plan while other non-Hispanic and male employees who had lower performance rates were not put on such a plan. Plaintiff avers that during October 2007 she became seriously ill and sought medical attention, and informed Defendant that she would need to take short term disability and FMLA leave in November 2007. Plaintiff alleges that she was wrongfully discharged on October 26, 2007. Plaintiff would have become eligible for FMLA leave in November 2007.

## II. DISCUSSION

A. *Motion to Strike*

The Magistrate Judge recommended that all references to the ADEA and EEO

be stricken from the Complaint. Given Plaintiff's consent to this motion, the court concurs with this recommendation and orders that all references to the ADEA and EEO be stricken from the Complaint.

### B. *Motion to Dismiss*

#### i. *Standard*

■ A court should grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only if it finds that the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The claims in the complaint must be accepted and construed in the light most favorable to the plaintiff. *See Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.,* 991 F.2d 94, 97 (4th Cir.1992).

#### iii. *Claim for Wrongful Termination/Violation of Public Policy*

■ The Magistrate Judge recommended that Plaintiff's wrongful termination/violation of public policy claim be dismissed because 1) Plaintiff was not wrongfully discharged because of the violation of any clearly mandated public policy and 2) Plaintiff is limited to her statutory remedies under Title VII and § 1981. Plaintiff does not object to this dismissal. In the absence of objections, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983). Nevertheless, the court has carefully reviewed the record and concurs in the Magistrate Judge's conclusion that this claim should be dismissed with prejudice.

#### iii. *FMLA Claim*

Defendant seeks to dismiss Plaintiff's FMLA claim because Plaintiff was ineligible to take a leave of absence both when she requested leave and when she was terminated. The Magistrate Judge recommended that the court decline to dismiss Plaintiff's FMLA claim at this stage of the proceedings because the issue of whether an ineligible employee may declare an intention to take FMLA leave once they become eligible is an issue of first impression in the Fourth Circuit. Defendant argues that the Magistrate Judge erred in this recommendation and that Plaintiff's FMLA claim should be dismissed. Defendant argues that this outcome is required by the Fourth Circuit's ruling in *Babcock v. BellSouth Advertising and Publ'g Corp.,* 348 F.3d 73 (4th Cir.2003). Defendant also argues that giving employees a right to "reserve" FMLA leave before they are eligible would extend the obligations of employers in ways that Congress never intended by preventing employers from taking any adverse action against such an employee before he or she actually takes FMLA leave.

The FMLA entitles eligible employees to 12 workweeks of unpaid leave during any 12–month period for numerous serious health conditions. 29 U.S.C. § 2612(a)(1)(A)-(D); *Nevada Dep't of Human Resources v. Hibbs,* 538 U.S. 721, 724, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003). The FMLA defines an "eligible employee" as an employee who has been employed (1) for at least 12 months by the employer, and (2) for at least 1,250 "hours of service" with such employer during the previous 12–month period. *Id.* at § 2611(2)(A)(i)-(ii); *see also Babcock,* 348 F.3d at 76–77. "The determination whether an employee has been employed by the employer for at least twelve months must be made 'as of the date leave commences.'" *Babcock,* 348 F.3d at 77 (citing 29 C.F.R. § 825.110(d)). "An employee may sue to recover damages or equitable relief when her employer 'interfere[s] with, restrain[s], or den[ies] the exercise or attempt to exercise' the rights guaranteed by the statute."

*Id.* at 76 (citing 29 U.S.C. §§ 2615(a)(1), 2617(a)(2)). Title 29 United States Code Section 2612(e) requires an employee to provide notice to his or her employer at least 30 days before the date of leave is to begin when leave is foreseeable and such notice is practicable. *Id.*

Defendant asserts that *Babcock* stands for the proposition that employees who are ineligible for leave under FMLA have no FMLA rights prior to their one-year anniversary. Defendant also contends that *Babcock* holds that employees who are ineligible for FMLA leave cannot establish either interference or retaliation claims when an employer denies the ineligible employee's request for FMLA leave or subsequently takes an adverse action against the employee. The court disagrees.

In *Babcock*, an employee requested FMLA leave before she was an "eligible employee" for FMLA purposes. *Id.* at 75. Because the employee was not yet eligible for FMLA leave, the employee took short-term disability leave pursuant to her employer's policies followed by an unexcused absence. *Id.* at 77. The employee subsequently requested additional unpaid medical leave *after* becoming eligible for FMLA leave. *Id.* at 77–78. The *Babcock* court found that because the employee re-requested leave after twelve months of employment, the employee was an eligible employee for FMLA purposes. *Id.* at 78. The *Babcock* court noted that the employer could have disciplined the employee for her un-excused absence, but that because the employer did not terminate the employee's employment, the employee's one-year anniversary triggered FMLA eligibility for the second leave request, preventing the employee's termination. *Id.* at 78 n. 6. The *Babcock* court thus affirmed a jury verdict for the employee. *Babcock,* 348 F.3d at 77.

In the court's view, *Babcock* is distinguishable because it only addresses an interference claim under 29 U.S.C. § 2615(a)(1), and does not address a retaliation claim under § 2615(a)(2), which is the type of claim before this court. *See id.* at 76 (citing 29 U.S.C. § 2615(a)(1)); *see also Yashenko v. Harrah's NC Casino Co., LLC,* 446 F.3d 541, 546 (4th Cir.2006) (indicating that interference claims arise under § 2615(a)(1), while retaliation claims arise under § 2615(a)(2)). Thus, contrary to Defendant's assertion, *Babcock* does not address whether employees making retaliation claims must be eligible for FMLA leave.

Defendant also cites *Moore v. Sears Roebuck & Co.,* No. 3:06cv255, 2007 WL 1950405 (N.D.Fla. June 2, 2007) in support of its argument. The *Moore* court, discussing *Walker v. Elmore County Bd. of Educ.,* 223 F.Supp.2d 1255, 1257–58 (M.D.Ala.2002), states:

> [T]he question before the Eleventh Circuit was whether a request for leave by an ineligible employee constitutes an attempt to exercise an FMLA right. The Court of Appeals found that the plaintiff's claim failed at the first step of the retaliation analysis because her request was not protected by the FMLA. *Id.* at 1252. Noting that the right to leave is provided only to eligible employees, *Walker* expressly held that "the statute does not protect an attempt to exercise a right that is not provided by the FMLA, i.e., the right to leave before one becomes eligible therefor." *Id.* at 1253. Numerous other courts have held similarly.
>
> . . .
>
> Despite this plethora of case law, the district court opined that there should be an exception "where the employee, before she becomes eligible for FMLA, is putting the employer on notice of her

intent to take FMLA leave after she becomes eligible for FMLA coverage." *Id.* at 1260. The court believed that Walker was such an employee. In that situation, the district court felt that "logic requires that the FMLA be read to require that the employee be permitted to make a retaliation charge against the employer for an adverse-employment action." *Id.* On appeal, the Eleventh Circuit did not necessarily disagree with that legal conclusion. *See generally* [*Walker v. Elmore County Bd. of Educ.*], 379 F.3d [1249] at 1249 [ (11th Cir.2004) ]. The panel did not reach the issue, however, because close examination of the facts revealed [-] contrary to what the district court had found [-] that "Walker would not have been eligible for leave even at the time her leave was to begin." *Id.* at 1253. The [Eleventh Circuit] thus stated: "We leave for another day the question of whether the FMLA protects a pre-eligibility request for post-eligibility leave." *Id.*

*Moore*, 2007 WL 1950405 at *6–7. The Moore Court then ruled that the situation before the court was identical to the one in *Walker* because an ineligible employee requested leave to begin when the employee would still have been ineligible for leave. *Id.* at 8 ("because the plaintiff was an ineligible employee requesting leave that would begin when she would still have been ineligible, the Eleventh Circuit decision in *Walker* directly forecloses her retaliation claim."). Moore does not address the issue before this court.

District courts addressing the issue of whether an employer can be held liable for retaliation under FMLA where the employee was not eligible for FMLA leave have not been consistent. Some courts have held that an employee cannot bring a retaliation claim under FMLA unless he or she was eligible for leave at the time it was requested. *See Rogers v. Bell Helicopter Textron Inc.*, No. CA3–99–CV–988–R, 2000 WL 1175647 (N.D.Tex. Aug. 17, 2000) (finding that a FMLA retaliation claim failed because the plaintiff was not entitled to FMLA leave); *Wemmitt–Pauk v. Beech Mountain Club*, 140 F.Supp.2d 571, 581 (W.D.N.C.2001) (granting summary judgment to an employer on a FMLA retaliation claim because the "Plaintiff never engaged in a 'protected activity' under the FMLA; that is, she was not eligible for FMLA leave"); *Morehardt v. Spirit Airlines, Inc.*, 174 F.Supp.2d 1272, 1280 (M.D.Fla.2001) (finding that an employee who was not eligible for FMLA leave could not establish a retaliation claim because the employee did not engage in a protected activity).

However, several courts have come to the opposite conclusion. In *Beffert v. Pennsylvania Dep't of Public Welfare*, for example, the court concluded that an employee could make a retaliation claim under FMLA when the employee was employed for less than twelve months but requested leave to begin more than one year after employment commenced. 2005 WL 906362, at *3 (E.D.Pa. Apr. 18, 2005). The court reasoned that:

> While an employee cannot be an eligible employee unless "the date leave commences" is after the employee has worked at least twelve months, the FMLA also requires that "an employee" provide the employer with not less than 30 days' notice of the date leave is to begin where such notice is practicable. This provision is designed to minimize the disruption to the employer that will be caused by the absence of the employee. This reference to "employee" rather than "eligible employee" is a recognition that some employees will and should give notice of future leave before they have been on the job for twelve months. Since the FMLA contemplates notice of leave in advance of becoming an eligible employee, the statute necessarily must

protect from retaliation those currently non-eligible employees who give such notice of leave to commence once they become eligible employees. Otherwise, the advance notice requirement under 29 U.S.C. § 2612(e) becomes a trap for newer employees who comply with this provision of the FMLA and affords a significant exemption from liability for employers. We do not think Congress intended this anomalous result.

*Id.* (internal citations omitted). Similarly, in *Potts v. Franklin Electric Co.,* the court found that when an employee, before becoming eligible for leave under FMLA, puts an employer on notice of his or her intent to take FMLA leave after they become eligible, FMLA must be read to allow the employee to make a charge against the employer for an adverse employment action. No. CIV 05–433, 2006 WL 2474964, at *3 (E.D.Okla. Aug. 24, 2006). In making this conclusion, the *Potts* court noted that 29 U.S.C. § 2615(a), which creates FMLA's interference and retaliation causes of action, "does not say that employees must be 'eligible,' or 'qualify' for leave, before they may file either an interference, or retaliation claim for requesting leave." *Id.* The *Potts* court contrasted § 2615(a) with § 2612, which states that only eligible employees are entitled to FMLA leave. *Id.* The *Potts* court further noted that FMLA protects the "attempt" to exercise a right under FMLA in support of the above conclusion. *Id.*

Two other courts have come to similar conclusions. *See Skrjanc v. Great Lakes Power Service Co.,* 272 F.3d 309, 314 (6th Cir.2001) ("The right to actually take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future. *See* 29 U.S.C. § 2612(e) (requiring an employee to give his employer notice of "foreseeable leave" in order to come under the protection of the statute)."); *Reynolds v. Inter–Industry Conference on Auto Colli-*

*sion Repair,* 594 F.Supp.2d 925, 928–29 (N.D.Ill.2009) (noting that it would be "illogical" to interpret FMLA's notice requirement in a way that requires employees to disclose requests for leave, which would expose them to retaliation, and then provide no remedy).

█ In the court's view, the *Beffert* line of cases is more consistent with the goals of FMLA and provides the more equitable result. The court finds that an employee may bring a retaliation claim under FMLA if the employee was terminated prior to becoming eligible for FMLA leave, but the employee declared an intention to take leave more than one year after employment commenced. The court declines to dismiss Plaintiff's FMLA claim for retaliation.

### iv. *SCHAL Claim*

█ The Magistrate Judge recommended that Defendant's motion to dismiss Plaintiff's SCHAL claim be denied without prejudice until such time as Plaintiff's federal claim survives a summary judgment motion. Defendant claims that the Magistrate Judge erred in his recommendation because the SCHAL prohibits a plaintiff from pursuing such a claim in the same lawsuit as a federal discrimination claim.

South Carolina Code Section 1–13–90(d)(8) states:

No action may be brought under this chapter if an action alleging essentially the same facts and seeking relief for the same complainant has been brought in any federal court. Any action brought under this chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any federal court.

Federal Rule of Civil Procedure 8(d) permits a party to set out two or more statements of a claim or defense alternatively. *Id.*

In making his recommendation, the Magistrate Judge noted that there is no case law supporting Defendant's reading of the statute. Moreover, the Magistrate Judge indicated that § 1–13–90(d)(8) could be read to prevent a claimant from pursuing separate cases based on the same claims and seeking the same relief in *both* state and federal court." Report and Recommendation at 10 (emphasis in original). The Magistrate Judge hypothesized that § 1–13–90(d)(8)'s purpose could be to prevent conflicting verdicts, which is not an issue when federal and state law claims are asserted in one federal action. The Magistrate Judge also noted that there is a possibility that Plaintiff's federal claims could be dismissed for some procedural or other reason that would not apply to Plaintiff's SCHAL claim.

The court agrees with the Magistrate Judge that another interpretation of the statute is plausible. Furthermore, the court agrees with the Magistrate Judge that it is possible that Plaintiff's federal claims could be dismissed for a reason that would not apply to Plaintiff's SCHAL claim because these statutes, while similar, are not identical. *See* S.C.Code Ann. § 1–13–90 et seq.; *cf.* 42 U.S.C. § 2000e–5(c); *see also Childers v. County of York, South Carolina*, No. 06–897, 2008 WL 552879, at *10–11 (D.S.C. Feb. 26, 2008) (indicating that federal discrimination claims have different statutes of limitations from state discrimination claims). Thus, Federal Rule of Civil Procedure 8(d) counsels against dismissing this claim at this early stage in the proceedings. Therefore, the court denies Defendant's motion to dismiss Plaintiff's SCHAL claim without prejudice until such time as Plaintiff's federal claim survives a summary judgment motion.

## III. CONCLUSION

Based upon the foregoing, the court adopts the Report and Recommendation of the Magistrate Judge in its entirety. Defendant's motion to dismiss and/or strike is granted in part and denied in part. It is hereby ordered that all references to the ADEA and EEO be stricken from the Complaint and that Plaintiff shall file an amended complaint so striking these references within fifteen (15) days of the entry of this order. Plaintiff's claim for wrongful termination/violation of public policy is dismissed with prejudice. Defendant's motion to dismiss Plaintiff's FMLA and SCHAL claims is denied without prejudice. The court recommits the matter to the Magistrate Judge for further pre-trial handling.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

BRISTOW MARCHANT, United States Magistrate Judge.

This action has been filed by the Plaintiff pursuant to several federal and state law causes of action. The Defendant has filed a motion to dismiss several of these claims pursuant to Rule 12(b), Fed.R.Civ. P., and has also moved pursuant to Rule 12(f), Fed.R.Civ.P. to strike all claims and/or references in the Complaint to the Age Discrimination in Employment Act (ADEA) and the Equal Employment Opportunity (EEO) Act. Plaintiff consents to the motion to strike, and therefore, consistent with the Defendant's motion, all references to the ADEA and EEO should be ordered stricken from the Complaint as immaterial and/or irrelevant to Plaintiff's claims.

With respect to Defendant's Rule 12(b) motion to dismiss, Plaintiff filed a memorandum in opposition to the motion on August 25, 2009, following which the De-

fendant filed a reply memorandum on September 1, 2009. The Defendant's motion to dismiss is now before the Court for disposition.[1]

## Discussion

Plaintiff alleges in her Complaint that she worked for the Defendant as an insurance agent from November 2006 to October 2007. Plaintiff alleges that she is a Hispanic female, and that she reported to the District Manager, a Caucasian male. Plaintiff alleges that the District Manager discriminated against her because of her gender and national origin, and that after she reported his conduct the Defendant harassed and retaliated against her. Plaintiff further alleges that during the month of October 2007, she became seriously ill and sought medical attention, and informed the Defendant at that time that she would be required to take short term disability and FMLA leave beginning in November 2007. Plaintiff alleges that she was then wrongfully discharged on October 26, 2007.

■ The Defendant has moved to dismiss with prejudice Plaintiff's causes of action alleging a state law claim for wrongful termination/violation of public policy, violation of the Family and Medical Leave Act (FMLA) 28 U.S.C. § 2601 *et seq.*, and violation of the South Carolina Human Affairs Law (SCHAL), S.C.Code Ann. § 1–13–10 *et seq.* When considering a Rule 12 motion to dismiss, the Court is required to "accept the allegations in the [pleading] as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." *Southmark Prime Plus*

*L.P. v. Falzone,* 776 F.Supp. 888, 890 (D.Del.1991) (quoting *Turbe v. Government of Virgin Islands,* 938 F.2d 427, 428 (3rd Cir.1991)). See also *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) [While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level].

## I.

### (Wrongful Termination/Violation of Public Policy Claim)

In her Fifth Cause of Action, Plaintiff alleges that her wrongful discharge constituted a violation of a clear mandate of public policy of the State of South Carolina. Defendant argues that Plaintiff's wrongful discharge/public policy cause of action should be dismissed because this claim is based on the same allegations which support her claims arising under Title VII the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1981, and other statutes, and also because Plaintiff has failed to allege that the cited conduct constituted a crime and/or that the Defendant required her to commit a crime. After careful review of the arguments presented with respect to this cause of action, the undersigned is constrained to agree with the Defendant that it is entitled to dismissal of this claim.

■ In *Ludwick v. This Minute of Carolina, Inc.,* 287 S.C. 219, 337 S.E.2d 213 (1985), the South Carolina Supreme Court held that a cause of action in tort exists under South Carolina law where a retaliatory discharge of an at-will employee[2] con-

---

1. This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss. As this

is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2. Plaintiff does not contest that she was an at-will employee.

stitutes a violation of a clear mandate of public policy, such as "when an employer requires an at-will employee, as a condition of retaining employment, to violate the law". *Id.,* at 216. *See also; Culler v. Blue Ridge Electric Cooperative, Inc.,* 309 S.C. 243, 422 S.E.2d 91 (1992). "This exception is generally applied in a situation in which an employer requires an employee to violate a law, or when the reason for the termination is itself a violation of criminal law"; *Barron v. Labor Finders of South Carolina,* 384 S.C. 21, 682 S.E.2d 271, 273 (S.C.Ct.App.2009); although some other situations may also apply. *See Washington v. Purdue Farms, Inc.,* No. 07–3552, 2009 WL 386926 at *12 (D.S.C. Feb. 13, 2009) ["Several types of public policies have been deemed appropriate to sustain this cause of action including: requiring an employee to violate the criminal law, where the reason for the employee's termination was itself a violation of criminal law, obeying a subpoena, refusing to contribute money to a political action fund, and invoking rights under Payment of Wages Act."].

■ Plaintiff has failed to identify any public policy violation with respect to this claim. Rather, Plaintiff argues that it was a violation for the Defendant "to deny the Plaintiff her rights under Civil Rights Act and FMLA." *Plaintiff's Brief,* pp. 6–7. Even assuming the Defendant did deny Plaintiff her rights under one or both of those statutes, however, that is not the commission of a crime, nor is there any allegation that the Defendant required Plaintiff to violate a public policy. *Lawson v. South Carolina Dept. of Corrections,* 340 S.C. 346, 532 S.E.2d 259, 260–261 (2000) [Public policy claim arises where "an employer requires an employee to violate the [criminal] law or the reason for the employee's termination was itself a violation of a criminal law"]; *Eady v. Veolia Transp. Services, Inc.,* 609 F.Supp.2d 540, 559 (D.S.C.2009) [Plaintiff failed to show violation of public policy where he

claimed that he was terminated for refusing to sign a blank affidavit]; *King v. Charleston County School District,* 664 F.Supp.2d 571, 584–85 (D.S.C.2009); *Love v. Cherokee County Veterans Affairs Office,* 2009 WL 2394369, at *3 (D.S.C. Jul. 31, 2009) [Granting Rule 12 motion to dismiss where no inference could be drawn from the facts alleged that the Plaintiff's termination was in violation of a criminal law]; *Barron v. Labor Finders of S.C.,* 384 S.C. 21, 682 S.E.2d 271, 273–274 (S.C.Ct. App.2009) [No wrongful discharge action where employee was not asked to violate the law and his termination did not violate the criminal law]; *Washington,* 2009 WL 386926 [Dismissing public policy claim where employer purportedly denied employee's request for FMLA leave, which neither violated a criminal law nor required the employee to do so]; *Merck v. Advanced Drainage Systems, Inc.,* 921 F.2d 549, 554 (4th Cir.1990) [The "public policy" exception to the at-will doctrine "is to be very narrowly applied."].

■ Hence, while Plaintiff alleges she was wrongfully discharged, it was not because of the violation of any clearly mandated "public policy" as defined by the South Carolina Courts, but because of an alleged violation of her personal rights. The public policy exception for the discharge of an at-will employee encompasses only "public rights", not "private" rights, and Plaintiff has therefore failed to set forth a valid claim for wrongful discharge in violation of the public policy of South Carolina. *See Weinberger v. MCI Telecommunications, Inc.,* No. 92–2550, 1994 WL 18081 at *3 (4th Cir. Jan. 25, 1994) ["The public policy exception encompasses only public rights granted by existing law, not private rights."].

In any event, the South Carolina Supreme Court has explicitly held that "[w]hen a statute creates a substantive

right and provides a remedy for infringement of that right, the Plaintiff is limited to that statutory remedy." *Palmer v. House of Blues Myrtle Beach Restaurant Corp.*, No. 05–3301, 2006 WL 2708278, at *3 (D.S.C. Sept. 20, 2006) (citing *Lawson*, 532 S.E.2d 259); *Washington*, 2009 WL 386926 at *12 n. 12. Here, Plaintiff seeks a remedy for wrongful termination under Title VII and § 1981. Therefore, as Plaintiff has a statutory remedy for her termination claim, she may not pursue a separate state law wrongful termination cause of action. *Palmer*, 2006 WL 2708278, at **3 and 5; *Heyward v. Monroe*, No. 97–2430, 1998 WL 841494, at *4 (4th Cir. Dec. 7, 1998) [Finding that Plaintiff's public policy termination claim was appropriately dismissed: "South Carolina permits an action under the public policy exception when an at-will employee is terminated for refusing to violate the law. It has not been extended to circumstances where there is a statutory remedy for employment discrimination, as in this case"]; *Zeigler v. Guidant Corp.*, No. 07–3448, 2008 WL 2001943 at *2 (D.S.C. May 6, 2008) ["The *Ludwick* exception to at-will employment is not designed to overlap an employee's statutory rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists."] (quoting *Stiles v. American General Life Ins. Co.*, 335 S.C. 222, 516 S.E.2d 449, 452 (1999)); *Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 413 S.E.2d 18, 19 (1992); *Epps v. Clarendon County*, 304 S.C. 424, 405 S.E.2d 386, 387 (1991).

Therefore, the Defendant is entitled to dismissal of Plaintiff's Fifth Cause of Action for wrongful discharge.

## II.

### FMLA Claim

In her Fourth Cause of Action, Plaintiff alleges that she was entitled to take leave pursuant to the FMLA, and that the Defendant discharged her because she requested leave, which was a violation of her rights under the FMLA. Defendant argues that this claim should be dismissed because, since Plaintiff had not been employed for twelve (12) months when she requested leave or when she was terminated, she was not covered by the FMLA and therefore cannot assert a claim under that statute.

■ To be eligible for leave under the FMLA, an employee must have been employed "for at least 12 months by [the] employer with respect to whom leave is requested." 29 U.S.C. § 2611(2)(A)(i). It is undisputed that Plaintiff had not worked for the Defendant for twelve months at the time of her termination. Defendant argues that Plaintiff was not therefore an "eligible employee" under the FMLA, and as a result cannot assert a retaliation claim under that Act.[3] See 29 U.S.C. § 2611(2)(A)(i)-(ii)[Defining an "eligible employee" under the FMLA as an employee who has been employed for at least 12–months by the employer and for at least 1,250 hours of service during the previous 12–month period.].

3. Defendant initially states that there is some confusion as to whether Plaintiff is pursuing a retaliation claim, or an interference claim. "The FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). In her response, Plaintiff indicates that she is asserting a retaliation claim, although if the Defendant's motion were to be granted, she seeks the right to amend her Complaint.

Defendant cites primarily two cases as support for this argument, *Moore v. Sears Roebuck & Co.*, No. 06–255, 2007 WL 1950405 (N.D.Fla. July 2, 2007) and *Morehardt v. Spirit Airlines, Inc.*, 174 F.Supp.2d 1272 (M.D.Fl.2001). However, in both of these cases, the employee seeking to assert a retaliation claim was basing their claim on requested leave for a time period for which they were not eligible for leave. *Moore*, 2007 WL 1950405, at \*6–7; *Morehardt*, 174 F.Supp.2d at 1281. In contrast, the Plaintiff here is not alleging she was retaliated against for seeking leave for which she was not eligible. Rather, although she gave notice of her leave request in October 2007, she was not seeking any FMLA leave until November 2007, when she would have been eligible for that leave. Several courts have found that an employer may not terminate an employee who has worked less than 12 months before requesting foreseeable future leave that the employee will be eligible for and entitled to at the time the leave is to begin, and that a termination of the employee under such circumstances can give rise to an FMLA retaliation claim. *See Reynolds v. Inter–Industry Conference on ·Auto Collision Repair*, 594 F.Supp.2d 925, 930 (N.D.Il.2009); *Beffert v. Pennsylvania Dept. of Public Welfare*, No. 05–43, 2005 WL 906362, \*3 (E.D.Pa. Apr. 18, 2005) ["[A]n employee is not barred from proceeding with a retaliation claim under the FMLA if he or she has been employed for less than twelve months but requests leave to begin more than one year after employment commenced"]; *Potts v. Franklin Elec. Co.*, No. 05–433, 2006 WL 2474964, at \*3 (E.D.Ok. Aug. 24, 2006) ["If courts were to read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and purpose of the notice requirement in 29 U.S.C. § 2612(e)(1)"]; *Skrjanc v. Great Lakes Power Service Co.*, 272 F.3d 309, 314 (6th Cir.2001).

Neither Plaintiff nor the Defendant cites any Fourth Circuit case law on this issue, which is apparently one of first impression in this Circuit.[4] This Court found the case law just cited in its review of this claim, none of which was cited or argued by the parties, and since the parties have not directed the Court to any case law directly on point on this issue and the undersigned has not located any controlling authority, the Court should decline at this time to grant a motion to dismiss at this early stage in the proceedings on the ground argued by the Defendant, albeit without prejudice. This will allow the parties to re-brief this issue at a future date after more thorough research, either as part of a renewed motion to dismiss or as part of a motion for summary judgment.[5]

---

4. While the Defendant cites the Fourth Circuit case of *Babcock v. BellSouth Advertising and Publ'g Corp.*, 348 F.3d 73 (4th Cir.2003), for the proposition that an employee who has not yet been employed for 12 months may not request leave because they are not at that time an "eligible employee" under the FMLA, that decision was in the context of an employee asking for leave *before* they had been employed for 12 months. Here, even though the Plaintiff had not yet been employed by the Defendant for 12 full months, she was not requesting any leave time until *after* she had been employed for the requisite time period.

*See Reynolds*, 594 F.Supp.2d at 928–30; *cf. Moticka v. Weck Closure Systems*, 183 Fed. Appx. 343, 347 (4th Cir.2006) ["The determination of whether an employee has been employed for at least twelve months and has worked the requisite hours is made as of the date that leave commences."].

5. Since the case law in this area is developing, the parties may also benefit by having access to intervening decisions on this issue filed between now and the dispositive motions deadline.

## III.

## (SCHAL Claim)

Plaintiff asserts discrimination claims under both Title VII and SCHAL. *Complaint,* ¶¶ 7, 24–35, 43. Defendant argues that, since Plaintiff is seeking redress for the Defendant's alleged discriminatory conduct under Title VII and § 1981 in this Federal Court case, she may not simultaneously seek relief under the South Carolina Human Affairs Law because SCHAL specifically prohibits a complainant seeking such dual relief, citing to S.C.Code Ann. § 1–13–90(d)(8), which provides in relevant part:

> No action may be brought under this Chapter if an action alleging essentially the same facts and seeking relief for the same complainant has been brought in any Federal Court. Any action brought under this Chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any Federal Court.

Plaintiff argues that she should be allowed to proceed with this claim because Rule 8(d) Fed.R.Civ.P. allows for alternative pleading, and that in the event her Title VII and/or § 1981 causes of action do not survive, her state claim could remain which could then be pursued in state court.

Plaintiff's claim under SCHAL is evaluated under the same standards as are used for evaluating her federal claims. *Burns v. South Carolina Dept. of Transportation,* No. 05–3271, 2006 WL 3791361, *5 (D.S.C. Dec. 22, 2006); *see also Orr v. Clyburn,* 277 S.C. 536, 290 S.E.2d 804, 806 (1982); *Tyndall v. National Education Centers,* 31 F.3d 209 (4th Cir.1994); S.C.Code Ann. & 1–13–10 et al. (2003); *cf. Cromer v. Greenwood Com'n of Public Works,* No. 92–CP–24–392, 1993 WL 328182, *4 (S.C.Com.Pl. Feb. 3, 1993) ["The court notes that its ruling accords with the interpretation of federal employment discrimination laws upon which our state employment discrimination laws are modeled."]. While a literal reading of § 90(d)(8) would seem to support Defendant's position, neither party cites any caselaw interpreting this statute, and it could be argued that the intent of § 1–13–90(d)(8) is to prevent a claimant from pursuing separate cases based on the same claims and seeking the same relief in *both* state and federal court. This, of course, could lead to possible conflicting verdicts. However, when claims under both the federal and state statutes are asserted in one federal court action, there is no such danger. Further, while the Court is personally aware of many federal cases in which Plaintiffs have asserted claims under both a federal civil rights statute and SCHAL which have been dismissed on other grounds, the Court has been unable to locate any cases granting dismissal of a SCHAL claim on the ground asserted in this case. *See generally Taylor v. Cummins,* 852 F.Supp. 1279, 1283 n. 2 (D.S.C.1994) [Dismissing both ADEA and SCHAL claims at summary judgment]; *Smith v. Prudential Financial Servs., Inc.,* 739 F.Supp. 1042 (D.S.C.1990) [Dismissing both Title VII and SCHAL claims at summary judgment]; *Roberts v. Newberry College,* No. 08–3198, 2009 WL 1485038 at **1–2 (D.S.C. May 27, 2009) [Title VII and SCHAL claims both dismissed as untimely]; *Burns v. South Carolina Dep't of Transportation,* No. 05–3271, 2006 WL 3791361 (D.S.C. Dec. 22, 2006) [Title III and SCHAL claims dismissed]; *Simpkins v. Patton,* No. 05–2137, 2006 WL 3337425 (D.S.C. Nov. 16, 2006) [Dismissing Title VII and SCHAL claims because they cannot be asserted against individuals]; *Simpson v. Greenville Transit Authority,* No. 05–1087, 2006 WL 1148167 (D.S.C. Apr. 27, 2006) [Dismissing Title VII and SCHAL claims because defendant not considered plaintiff's employer].

In any event, there is (at least at this early stage of the case) a possibility that Plaintiff's federal claims could be dismissed for some procedural or other reason not yet known to either the Court or the parties, which would not apply to Plaintiff's state law SCHAL claim. *See generally* S.C.Code § 1–13–90 et seq. [Setting forth requirements to pursue a claim under SCHAL]; 42 U.S.C. § 2000e–5(c) [Setting forth requirements to pursue a claim under Title VII]. *Cf. United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979) [Noting that Plaintiff had three hundred (300) days to file her administrative charge with SCHAL following an act of discrimination, and that a failure by the plaintiff to do so bars her from pursuing a Title VII lawsuit as to any such claim in this Court.]; *Childers v. County of York, South Carolina*, No. 06–897, 2008 WL 552879, at *11 (D.S.C. Feb. 26, 2008); *Vandeusen v. Riverbanks Society*, No. 06–3281, 2008 WL 3010157, at *4–5 (D.S.C. June 16, 2008). Therefore, it is recommended that the Defendant's motion be denied at this time, without prejudice. If the Plaintiff's federal claim survives a summary judgment motion, the Defendant can re-new its motion to dismiss Plaintiff's SCHAL claim at that time.

### Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to strike be **granted,** and that all references to the ADEA and EEO be stricken from the Complaint. It is further recommended that the motion to dismiss Plaintiff's state law claim for wrongful termination/violation of public policy also be **granted,** and that this cause of action be dismissed with prejudice.

The remainder of the Defendant's motion to dismiss should be **denied** at this time, without prejudice, for the reasons stated.