Michele **SINE**

v.

**ROCKHILL MENNONITE HOME,**
d/b/a Rockhill Mennonite Community

**CIVIL ACTION NO. 17–0043**

United States District Court, E.D. Pennsylvania.

Signed 07/26/2017

Matthew D. Miller, Richard S. Swartz, Swartz Swidler LLC, Cherry Hill, NJ, for Michele Sine.

Jeffrey M. Daitz, Joseph M. Vento, Kunal Shah, Kevin J. O'Connor, Peckar & Abramson, P.C., River Edge, NJ, for Rockhill Mennonite Home, d/b/a Rockhill Mennonite Community.

## MEMORANDUM

R. BARCLAY SURRICK, District Judge

Presently before the Court is Defendant Rockhill Mennonite Home's ("Rockhill Mennonite") Motion to Dismiss Plaintiff Michele Sine's First Amended Complaint. (ECF No. 12.) After review of Defendant's Motion and all documents submitted in support thereof and in opposition thereto, Defendant's Motion will be denied.

## I. BACKGROUND

This action involves a claim for violations of the Family and Medical Leave Act ("FMLA"); the Pennsylvania Human Rights Act ("PHRA"); and the Americans with Disabilities Act ("ADA"). Plaintiff alleges that Defendant interfered with her right to take FMLA leave, failed to meet her accommodation requests under the ADA and PHRA, and terminated her on the basis of her disability.

### A. Factual Background [1]

Plaintiff's First Amended Complaint alleges that Defendant is a Pennsylvania nonprofit corporation, which operates as a continuing care retirement community. (First Amended Complaint ("FAC") ¶ 3, ECF No. 11.) During both 2014 and 2015, Defendant employed at least fifty (50) individuals for at least twenty (20) workweeks. (*Id.* ¶ 4.) On June 12, 2014, Defendant hired Plaintiff as a floor technician. (*Id.* ¶ 12.) On January 16, 2015, Plaintiff was informed by her OB/GYN that she re-

quired a hysterectomy "in order to prevent her from developing cancer." (*Id.* ¶ 13.) Plaintiff scheduled the surgery for February 12, 2015. (*Id.* ¶ 14.) On January 23, 2015, Plaintiff met with Sandy Fulmer, Defendant's Human Resources Representative, to inform her about the February 12th surgery, and that Plaintiff would require two to three weeks of medical leave. (*Id.* ¶ 18.) During this meeting, Fulmer informed Plaintiff that Plaintiff was ineligible for FMLA leave, since she had not yet completed one full year of work for Defendant. (*Id.* ¶ 20.) As a result Plaintiff cancelled the February 12th surgery. (*Id.* ¶ 21.) In late April 2015, Plaintiff once again informed Fulmer that based on her doctor's recommendation, she required a hysterectomy to prevent her from developing cancer, and that she would therefore require two to three weeks of FMLA leave. (*Id.* ¶ 22.) Plaintiff also requested information from Fulmer with regard to details for securing approval for FMLA leave. (*Id.* ¶ 23.) Plaintiff alleges that during this conversation, Fulmer denied that she was aware of Plaintiff's prior request for leave, and instructed Plaintiff to speak with Defendant's Vice President of Human Resources, Kristin Thim. (*Id.* ¶ 24.) Plaintiff spoke to Thim, and requested the necessary FMLA paperwork. (*Id.* ¶ 25.) Thim informed Plaintiff she would forward Plaintiff the necessary paperwork. (*Id.* ¶¶ 26–27.) She never did. (*Id.*) Plaintiff was terminated on May 27, 2015, approximately two weeks prior to her one-year anniversary of working for Defendant. (*Id.* ¶ 28.)

Plaintiff's FAC asserts nine (9) counts against Defendant. The counts are as follows:

---

1. For the purposes of this Motion, the factual allegations in the Complaint are taken as true.

*See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

- FMLA Interference Under 29 U.S.C.A. § 2601 et seq. (Count I);
- Discrimination Under the FMLA (Count II);
- Retaliatory Termination in Violation of FMLA (Count III);
- Failure to Accommodate in Violation of the ADA, under 42 U.S.C. § 12101 et seq. (Count IV);
- Failure to Accommodate in Violation of the PHRA, under 43 Pa. Cons. Stat. Ann. §§ 951–63 (Count V);
- Termination on the Basis of Disability in Violation of the ADA (Count VI);
- Termination on the Basis of Disability in Violation of the PHRA (Count VII);
- Retaliation for Seeking Accommodation of Disability in Violation of the ADA (Count VIII); and
- Retaliation for Seeking Accommodation of Disability in Violation of the PHRA (Count IX.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A claim is plausible "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements...." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S.Ct. 1937. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id.* at 210–11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the Plaintiffs have a "'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's FMLA interference, retaliation, and discrimination claims on the grounds that Plaintiff was not eligible for FMLA leave. Defendant argues that at the time that Plaintiff requested the leave, she had not yet worked for Defendant for twelve (12) months as required under the statute. Defendant also argues that Plaintiff was not regarded as disabled under the ADA, and she therefore may not recover on her disability discrimination claim. Defendant further claims that Plaintiff has not sufficiently pled a disability under the ADA or PHRA.

### A. FMLA Eligibility

Defendant argues that Plaintiff was not eligible for FMLA leave, since at the time she requested leave, Plaintiff had not yet worked for Defendant for twelve (12) months.[2] Under 29 U.S.C. § 2611(2)(A), an FMLA "eligible employee" is one "who has been employed . . . for at least 12 months by the employer" and who has "at least 1,250 hours of service with such employer during the previous 12–month period." The statute also requires that in anticipation of requesting FMLA leave, an employee must "provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave." 29 U.S.C. § 2612(e)(1) & (2)(B).[3] In addition to the FMLA's thirty days' notice

requirement under 29 U.S.C. § 2612(e)(2)(B), the Department of Labor advises that where an employee knows that he or she will require future leave with the date uncertain, the employee must nevertheless "advise the employer as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown."[4] 29 C.F.R. § 825.302(a). "The determination of whether an employee meets the hours of service requirement and has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start." 29 C.F.R. § 825.110(d).

Moreover, it has been recognized in this district and in other circuits that "the FMLA regulatory scheme must necessarily protect pre-eligible employees . . . who put their employers on notice of a post-eligibility leave request." *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1275 (11th Cir. 2012) (recognizing that a party's notice—even before the party has worked on a job for twelve months—that they intend to use FMLA leave in the future should be protected); *Beffert v. Pa. Dep't of Pub. Welfare*, No. 05-43, 2005 WL 906362, at *3 (E.D. Pa. Apr. 18, 2005) (finding that the reference in 29 U.S.C. § 2612(e)(1) "to employee rather than eligible employee is a recognition that some employees will and should give notice of future leave before they have been on the job for twelve months" (internal quotation marks omitted))[5]; *see also*

---

**2.** Congress intended that the FMLA and the definitions contained within the provision be broadly construed. *See Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195–96 (3d Cir. 2015); *Meky v. Jetson Specialty Mktg. Servs., Inc.*, No. 16-1020, 2017 WL 878235, at *8 (E.D. Pa. Mar. 6, 2017).

**3.** 29 U.S.C. § 2612(e)(1) references only "employees," not "FMLA-eligible employees."

**4.** The CFR also instructs that "[i]n those cases where the employee is required to provide at least 30 days' notice of foreseeable leave and does not do so, the employee shall explain the reasons why such notice was not practicable upon a request from the employer for such information." 29 C.F.R. § 825.302(a).

**5.** The Court in *Beffert* concluded that "an employee is not barred from proceeding with a retaliation claim under the FMLA if he or she has been employed for less than twelve

*Meky*, 2017 WL 878235, at *9 n.6 (detailing that since "the FMLA contemplates notice of leave in advance of becoming an eligible employee, the statute necessarily must protect from retaliation [and interference] those currently non-eligible employees who give such notice of leave to commence once they become eligible employees") (citations and internal quotation marks omitted).

In *Gleaton v. Monumental Life Insurance Co.*, 719 F.Supp.2d 623, 629 (D.S.C. 2010), the Court adopted the *Beffert* line of cases, explaining that the *Beffert* analysis provides a more equitable result that comports with the goals of the FMLA. *See also Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001) (requiring an employee to give his employer notice of "foreseeable leave" in order to come under the protection of 29 U.S.C. § 2612(e) and explaining that "[t]he right to actually take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future"); *Reynolds v. Inter–Industry Conference on Auto Collision Repair*, 594 F.Supp.2d 925, 928–29 (N.D. Ill. 2009) (noting that it would be "illogical" to interpret FMLA's notice requirement in a way that requires employees to disclose requests for leave, which would expose them to retaliation, and then provide no remedy). Similarly, a court in the Eastern District of Oklahoma adopted this interpretation of the FMLA, concluding that when an employee, before becoming eligible for FMLA leave, puts an employer on notice of his or her intent to take FMLA leave after he or she becomes eligible, the FMLA must be read to allow the employee to make a charge against the employer for an adverse employment action. *Potts v. Franklin Elec. Co.*, No. 05-

433, 2006 WL 2474964, at *3 (E.D. Okla. Aug. 24, 2006). In crafting this conclusion, the *Potts* court observed that the FMLA "does not say that employees must be 'eligible,' or 'qualify' for leave, before they may file either an interference, or retaliation claim for requesting leave." *Id.* (emphasis omitted).

Here, Plaintiff's one-year anniversary of working for Defendant would have been June 12, 2015. Plaintiff did not specifically detail to HR Representatives Fulmer or Thim the exact date on which her hysterectomy was scheduled. While Plaintiff was not yet eligible for FMLA leave at the time she submitted her second leave request in late April 2015, she contends that she adequately provided Defendant with a post-eligible leave request. Plaintiff argues that it is significant that she made her second leave request in late-April 2015 after she had been informed that her initial January 23, 2015 request was denied because she was not yet eligible for FMLA leave. (Pl.'s Resp. at 8–9.) Plaintiff states that she clearly "was putting Defendant on notice that she was rescheduling her surgery to take place **after** her one-year [work] anniversary on June 12, 2015, since these conversations took place 3 to 4 months after her first request for FMLA leave was denied **for the stated reason that [she] had not yet worked 12 months.**" (*Id.*) (emphasis in original). According to Plaintiff, she clearly "was not *again* asking for FMLA protection for a leave set to begin prior to her one-year anniversary after Defendant already denied it." (*Id.*) Reviewing the facts alleged in the Amended Complaint and the reasonable inferences to be drawn from those

months but requests leave to begin more than one year after employment commenced." *Beffert*, 2005 WL 906362, at *3. The Court further commented that it is unlikely that Congress intended the anomalous result that

would transpire if newer employees who gave notice of future qualified FMLA leave were foreclosed from benefitting from leave until they became eligible. *Id.*

facts in the light most favorable to Plaintiff, and since the FMLA must protect a pre-eligible employee who provides notice of intent to take future FMLA leave, it is reasonable to conclude that Plaintiff's second scheduled hysterectomy would have been slated to take place after her June 12th anniversary, and that Plaintiff's request was protected under the FMLA.

## B. FMLA Interference and Retaliation Claims

■ Under the FMLA, to establish an interference claim a plaintiff must prove that:

(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

*Fiorentini v. William Penn Sch. Dist.*, 150 F.Supp.3d 559, 570 (E.D. Pa. 2016), *aff'd*, 665 Fed.Appx. 229 (3d Cir. 2016) (quoting *Ross v. Gilhuly*, 755 F.3d 185, 191–92 (3d Cir. 2014)).

There is no dispute that Defendant was an employer subject to the FMLA's requirements; that Plaintiff provided adequate notice to Defendant to take her FMLA leave, and that she was denied FMLA benefits. Therefore, the sole remaining questions here surround whether Plaintiff was an eligible employee who was entitled to receive FMLA leave.

As discussed above, to be eligible for FMLA leave, an employee must have been employed for at least twelve months by the employer and performed at least 1,250 hours of service with the employer. Section 825.220 of the Department of Labor's regulations addresses the prospective rights of employees. "The [FMLA's] prohibition against interference prohibits an employer from discriminating or retaliating against employer or prospective employee for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c). The regulation also provides that "[e]mployees cannot waive, nor may employers induce employees to waive, their prospective rights under FMLA." 29 C.F.R. § 825.220(d). Plaintiff has alleged sufficient facts at this juncture to establish that she was entitled to FMLA leave.

■ "To prevail on a retaliation claim under the FMLA, the plaintiff must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Innella v. Lenape Valley Found.*, 152 F.Supp.3d 445, 457 (E.D. Pa. 2015) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301–02 (3d Cir. 2012)). Each of these requirements has been satisfied. Therefore, Plaintiff has adequately made out FMLA Interference and Retaliation claims.

## C. Disability

■ Defendant also argues that Plaintiff has not sufficiently pled a disability under the ADA or the PHRA. The Third Circuit has instructed that to state a claim for disability discrimination under the ADA, a plaintiff must establish that she: (1) has a disability; (2) is qualified to perform the duties of her job; and (3) has suffered an adverse employment action because of her disability. *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012); *M.M. v. Sch. Dist. of Phila.*, 142 F.Supp.3d 396, 402 (E.D. Pa. 2015) (citations omitted). The ADA defines a disability as "(1) a physical or mental impairment that substantially limits one or more major

life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *Marinelli v. City of Erie, Pa.*, 216 F.3d 354, 359 (3d Cir. 2000).

Under the ADA, "[a]n individual plaintiff meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). Moreover, for an impairment to be regarded as a disability, it must be neither transitory (expected to last fewer than six (6) months) nor minor. 42 U.S.C. § 12102(3)(B); *Koci v. Cent. City Optical Co.*, 69 F.Supp.3d 483, 486 (E.D. Pa. 2014).

■ However, "[t]he mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action." *Kelly v. Drexel Univ.*, 94 F.3d 102, 109 (3d Cir. 1996) (citation omitted); *Buskirk v. Apollo Metals*, 307 F.3d 160, 167 (3d Cir. 2002); *Showers v. Endoscopy Ctr. of Cent. Pa., LLC*, 58 F.Supp.3d 446, 462 (M.D. Pa. 2014) ("An employer's mere awareness of an impairment, however, is insufficient to establish that it regarded the employee as disabled.").

Here, there are no explicit allegations in the Complaint demonstrating that Defendant regarded Plaintiff as disabled. Defendant argues that Plaintiff's contention that her preventative hysterectomy constitutes a physical impairment is a "leap of faith." (Def.'s Mot. 5, ECF No. 12.) We disagree. Plaintiff's perceived impairment—a required hysterectomy—was not minor. As Plaintiff states, "given the ... seriousness

of the purpose of the operation ... [Plaintiff] has sufficiently alleged that Defendant perceived her as being disabled, especially when considering what the state of [Plaintiff's] perceived impairment would be in the absence of the mitigating measure in the preventative surgery...." (Pl.'s Resp. 11.)

In any event, the case law clearly supports the proposition that the temporal nexus between Plaintiff's request for leave and her termination is sufficient to support the inference that she was regarded as disabled. *See, e.g., McFadden v. Biomedical Sys. Corp.*, No. 13-4487, 2014 WL 80717, at *1, 4 (E.D. Pa. Jan. 9, 2014) (detailing circumstances under which the plaintiff suffered from herniated discs, of which he informed his supervisor during the course of his three-month tenure with the defendants. The plaintiff's physician recommended "that he undergo a spinal fusion and/or microdisectomy surgery to treat his back problems." Plaintiff requested two-to-three weeks of medical leave to have the surgery. One week following the appointment with the physician, and a short period after he requested medical leave, the defendants terminated the plaintiff); *Kiniropoulos v. Northampton Cty. Child Welfare Serv.*, 917 F.Supp.2d 377, 387 (E.D. Pa. 2013) (holding that "the temporal proximity between the plaintiff's disclosure [that he required FMLA leave after sustaining a significant leg injury] and his termination [four months later] is sufficient to support an inference that the defendant regarded the plaintiff as disabled"); *Weaver v. Cty. of McKean*, No. 11-254, 2012 WL 1564661, at *4 (W.D. Pa. Apr. 9, 2012) (finding that Plaintiff sufficiently stated a prima facie case of "regarded as" disability discrimination because the immediacy of her placement on "administrative leave" after the defendant's discovery of her psychological condi-

tions and medication regimen, and the ultimate termination of her employment less than a week later, supports an inference that the defendant regarded her as disabled); *Warshaw v. Concentra Health Servs.*, 719 F.Supp.2d 484, 496 (E.D. Pa. 2010) ("As a general matter, a fact-finder could reasonably conclude that adverse actions suffered by an employee shortly after an employer learns of the disability are, in fact, based on the employers belief that the employee is limited in a major life activity."); *Bullock v. Balis & Co.*, No. 99-748, 2000 WL 1858719, at *5 (E.D. Pa. Dec. 19, 2000) (finding the plaintiff's termination two weeks after disclosure of ADD condition sufficient to raise an inference of "regarded as" disability discrimination); *Stewart v. Bally Total Fitness*, No. 99-3555, 2000 WL 1006936, at *5 (E.D. Pa. July 20, 2000) (holding that the temporal proximity of the plaintiff's demotion, suspension and dismissal to onset of symptoms of bipolar disorder was sufficient to raise an inference of "regarded as" disability discrimination).

Plaintiff asserts that she initially informed Defendant on January 23, 2015 that she required a hysterectomy, and that she once again informed Defendant about the procedure in late-April 2015. She was terminated in June 2015, approximately two months after informing Defendant of the procedure and requesting FMLA leave. While Plaintiff was not terminated one day or even one week after requesting leave, the mere two-month lag between Plaintiff's request and her termination is sufficient at this juncture to infer that she was terminated as a result of her request for FMLA leave. *See Kiniropoulos*, 917 F.Supp.2d at 382 (finding sufficient temporal proximity to infer that the plaintiff was regarded as disabled when he reported on May 24 that he had sustained a leg injury that required him to walk with a cane, and

was terminated on October 20—a span of almost five months).

Accordingly, Plaintiff has adequately made out a claim for disability discrimination under the ADA and the PHRA.

## IV. CONCLUSION

For the above reasons, Defendant's motion to dismiss is denied. The Court need not address Plaintiff's request for leave to amend her Complaint.